IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DANIEL KOCH, on Behalf of Himself and All Others Similarly Situated, | ) ) ) | Collective Action |
| Plaintiffs, | ) ) | |
| vs. | ) ) | CAUSE NO. 1:14-cv-72 |
| JERRY W. BAILEY TRUCKING, INC., JERRY W. BAILEY and LINDA L. BAILEY, | ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT FOR DAMAGES

This is a proposed collective action brought on behalf of all former and current truck drivers of Defendants ("the Class") against Defendants, Jerry W. Bailey Trucking, Inc. ("JWBT"), Jerrry W. Bailey and Linda L. Bailey.

### I.  Parties

1. Each member of the Class is or was a truck driver of JWBT at all times relevant to this action.

2. Plaintiff, Mr. Koch, is a resident of Fort Wayne, Allen County, Indiana.

3. Defendant, JWBT, is an incorporated business that operates facilities in Yoder, Indiana.

4. Mr. Bailey is the President of JWBT.

5. Mr. Bailey is one of the managers of JWBT.

6. Mr. Bailey is at least partially responsible for determining how the employees of JWBT are paid.

7. Mrs. Bailey is the Vice-President of JWBT.

8. Mrs. Bailey is one of the managers of JWBT.

9. Mrs. Bailey is at least partially responsible for determining how the employees of JWBT are paid.

## II.  Jurisdiction and Venue

10. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. §1331, in that the claim arises under the laws of the United States.  Specifically, Plaintiff and the Class bring this action to enforce their rights under the FLSA, as allowed by 29 U.S.C. §216.

11. This court has jurisdiction to hear these state claims pursuant to the court's supplement jurisdiction under 28 U.S.C. §1367.

12. Venue in the Southern District of Indiana, Indianapolis Division, is appropriate by virtue of Plaintiff's residence and Defendants doing business in this District.

## III.   Class Action Allegations

13. Plaintiff brings this case as a class action pursuant to 29 U.S.C. §216(b) on behalf of a class consisting of all similarly situated persons who are or were employed as truck drivers of JWBT.

14. The members of the Class were paid on an hourly basis.

15. The members of the Class were not paid for time spent performing morning (pre-driving) inspections, fueling and end of day (post-driving) inspections.

16. Defendants willfully failed to pay members of the Class for this time worked.

17. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action. The names, addresses, and relevant documentation of members of the Class should be in the business records of JWBT. Notice may be provided to members of the Class or their personal representatives via first class mail using techniques and a form of notice similar to those customarily used in class actions.

### IV.  Factual Allegations

18. Mr. Koch began employment with JWBT as a truck driver in June 2006.

19. Mr. Koch was paid on an hourly basis.

20. JWBT paid Mr. Koch on weekly basis.

21. Mr. Koch's final hourly rate was $16.00 an hour.

22. Mr. Koch was not paid for time spent performing morning (pre-driving) inspections, fueling and end of day (post-driving) inspections.

23. This work time was either regular or overtime hours.

24. Defendants willfully failed to pay Mr. Koch these overtime hours.

25. Mr. Koch was terminated by Defendants on April 15, 2013.

26. JWBT failed to pay Mr. Koch all his regular hours in a timely fashion.

27. JWBT failed to pay Mr. Koch all his regular hours in the correct amount.

28. The wage claim of Mr. Koch has been referred to Weldy & Associates by the Indiana Attorney General's Office in conjunction with the Indiana Department of Labor.

## Count I - Collective Action
## Failure to Properly Pay Overtime Wages
## Pursuant to the FLSA, 29 U.S.C. §201 *et. seq.*

29. Mr. Koch incorporates paragraphs 1 through 28 by reference herein.

30. Plaintiff and the members of the Class are or were employees of JWBT pursuant to the FLSA.

31. JWBT is an employer pursuant to the FLSA.

32. Plaintiff and the members of the Class are covered employees pursuant to enterprise coverage under the FLSA.

33. JWBT had gross revenues of at least $500,000.00 for the 2010 calendar year.

34. JWBT had gross revenues of at least $500,000.00 for the 2011 calendar year.

35. JWBT had gross revenues of at least $500,000.00 for the 2012 calendar year.

36. Mr. Bailey is an employer pursuant to the FLSA.

37. Mrs. Bailey is an employer pursuant to the FLSA.

38. Plaintiff and the members of the Class have been damaged by Defendants' violations of the FLSA.

WHEREFORE, Plaintiff prays that the Court:

A. Enter an award for Plaintiff and the members of the Class for the overtime wages owed to them during the course of their employment with Defendants with interest as permitted by the FLSA.

    B.    Enter an award for liquidated damages with interest as permitted by the FLSA.

    C.    Enter an order awarding Plaintiff and the members of the Class all reasonable attorney fees and expenses incurred in pursuing this claim as permitted by the FLSA.

    D.    Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

WELDY & ASSOCIATES


/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

### Count II - Individual Action
### Failure to Properly Pay Wages
### Pursuant to the Wage Claims Statute, I.C. §22-9-2 *et. seq.*

39.    Mr. Koch incorporates paragraphs 1 through 38 by reference herein.

40.    Mr. Koch was not paid all wages due and owing in a timely fashion during his employment.

41.    Mr. Koch was not paid all wages due and owing in a timely fashion following his involuntary separation of employment.

42.    Mr. Koch has been damaged by JWBT's violations of the Wage Claims Statute.

WHEREFORE, Plaintiff prays that the Court:

    A.    Enter an award for Plaintiff for the actual wages owed with interest as permitted by the Wage Claims Statute.

  B. Enter an award for liquidated damages with interest as permitted by the Wage Claims Statute.

  C. Enter an order awarding Plaintiff all reasonable attorney fees and expenses incurred in pursuing this claim as permitted by the Wage Claims Statute.

  D. Enter an award for such other relief as may be just and appropriate.

         Respectfully submitted,

         WELDY & ASSOCIATES


         /s/Ronald E. Weldy
         Ronald E. Weldy, #22571-49
         Proposed Collective Action Counsel

Weldy & Associates
8383 Craig Street
Suite 330
Indianapolis, IN 46250
Tel: (317) 842-6600
Fax: (317) 842-6933
E-mail: weldy@weldylaw.com