# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

**DANIEL KOCH,** *on Behalf of Himself and*     )
*All Others Similarly Situated, et al.*,     )
    )
    **Plaintiffs,**     )
    )
    **v.**     ) **CAUSE NO. 1:14-cv-00072-JVB-SLC**
    )
**JERRY W. BAILEY,** *et al.*,     )
    )
    **Defendants.**     )

## OPINION AND ORDER

Plaintiff Daniel Koch, on behalf of himself and a class consisting of persons who were employed as truck drivers by Jerry W. Bailey Trucking, Inc. ("JWBT"), filed this collective action under the Fair Labor Standards Act ("FLSA") on March 7, 2014, seeking to collect unpaid overtime wages.[1] (DE 1). Now before the Court is Plaintiffs' motion to amend (DE 83) filed on March 21, 2016, seeking to: (1) add as a named plaintiff George Marlow, who consented to opt in to the action on March 21, 2014 (DE 11-2); and (2) assert a retaliation claim on Marlow's behalf based on events that occurred after he opted in to this action. (DE 83).

Defendants JWBT, Jerry W. Bailey, and Linda L. Bailey (collectively, the "Defendants") filed a response brief in opposition to the motion, arguing that the motion should be denied due to Plaintiffs' undue delay in seeking leave to amend, and because the amendment, if allowed, would result in prejudice to Defendants and duplicative litigation. (DE 84). Plaintiffs did not file a reply to Defendants' arguments, and their time to do so has now passed.

For the following reasons, Plaintiffs' motion to amend will be DENIED.

---

[1] A second named Plaintiff, Johnny Ray Wells, Jr., was added on March 19, 2014. (DE 10).

### A.  Procedural Background

Koch filed this collective action against Defendants on March 7, 2014, and then amended his complaint 10 days later, on March 17, 2014.  (DE 1; DE 8).  On March 21, 2014, Marlow's notice of consent to join the action was filed.  (DE 11-2).  On May 29, 2014, this Court held a preliminary pretrial conference and set a discovery deadline of December 31, 2014, but deferred setting deadlines for seeking leave to file any amendments to the pleadings.  (DE 25; DE 26).  On January 15, 2015, the undersigned Magistrate Judge observed that the discovery period had concluded.  (DE 40).

On June 24, 2015, pursuant to a stipulation by the parties (DE 58), District Judge Joseph Van Bokkelen granted class certification under Federal Rule of Civil Procedure 23 and preliminary certification as a collective action under the FLSA (DE 59).  On July 20, 2015, Judge Van Bokkelen approved proposed notices to class and potential collective action members (DE 61), and on August 25, 2015, he entered an Order amending the class definitions (DE 68).  On March 15, 2016, District Judge Van Bokkelen held a status conference and noted that, despite the expiration of the discovery deadline, Plaintiffs were still anticipating providing certain discovery responses to Defendants; thus, Judge Van Bokkelen recommended that the undersigned Magistrate Judge conduct a status conference in 30 days.  (DE 82).

On March 21, 2016, Plaintiffs filed the instant motion to amend.  (DE 83).  The next day, Marlow filed a separate suit against Defendants, No. 1:16-cv-00097-TLS-SLC, advancing the same FLSA retaliation claim as in this suit.

At a status conference on June 6, 2016, the parties reported that discovery is nearly complete, and thus, the Court set a final discovery deadline of August 31, 2016.  (DE 91).  The

parties agreed that adding the proposed retaliation claim would require substantial additional discovery.

### B.  Standard of Review

Under Federal Rule of Civil Procedure 15(d), "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  In making this determination, the court analyzes the same factors as those used for motions to amend under 15(a).  *See Glatt v. Chi. Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996); *Masonite Corp. v. Craftmaster Mfg., Inc.*, No. 09 cv 2131, 2011 WL 1642518, at *1 (N.D. Ill. Apr. 29, 2011).  That is, "courts may deny an amendment for undue delay, bad faith, dilatory motive, prejudice, or futility."  *Ind. Funeral Dirs. Ins. Trust v. Trustmark Ins. Corp.*, 347 F.3d 652, 655 (7th Cir. 2003); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).  Ultimately, the decision to grant or deny leave to file a supplemental pleading is within the court's discretion. *See Twin Disc, Inc. v. Big Bud Tractor, Inc.*, 772 F.2d 1329, 1338 (7th Cir. 1985); *Wilson v. Gipson*, No. 3:94-cv-891RP, 1995 WL 476695, at *2 (N.D. Ind. July 20, 1995).

### C.  Discussion

In the proposed amended complaint, Plaintiffs allege that Marlow quit his employment with Defendants in October 2012 and went to work for J&T Trucking, a subcontractor of Defendants, in May 2013.  (DE 83-1 ¶¶ 61-64).  Plaintiffs further allege that when Defendants learned that Marlow had opted in to this collection action, Defendants retaliated against Marlow by instructing J&T Trucking that he was no longer permitted to work on any jobs connected with Defendants.  (DE 83-1 ¶¶ 67-68).

Defendants argue that leave to amend to add Marlow's retaliation claim should be denied because Plaintiffs delayed nearly two years in seeking leave to amend, and if allowed, the amendment would result in prejudice to Defendants. Defendants additionally state that Marlow has already filed a separate lawsuit advancing his retaliation claim, and thus, granting leave to amend to add the claim in this suit would be duplicative.

With respect to undue delay, Marlow consented to join this suit in March 2014. Plaintiffs allege that Defendants learned "[s]hortly thereafter" that Marlow had joined the suit and that Defendants "[s]ometime thereafter" informed J&T Trucking that Marlow was not permitted to work on Defendants' jobs. (DE 83-1 ¶¶ 66-68). Defendants point out that based on these allegations, Marlow has been suffering from retaliation for nearly two years. Plaintiffs, however, offer no justification for delaying nearly two years in filing the motion to amend. *See Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 775 (7th Cir. 1995) (denying leave to amend where plaintiff provided no explanation as to why the amendment did not take place sooner, and where the delay in filing the motion to amend would cause delay and burden the parties); *J.P. Morgan Chase Bank, N.A. v. Drywall Serv. & Supply Co., Inc.*, 265 F.R.D. 341 (N.D. Ind. Feb. 3, 2010) (denying motion to amend filed two years after the initial complaint).

Discovery in this case is coming to a close, and the amendment adds a different theory and relies on a new set of facts. In that regard, the parties reported at a recent status conference that adding the retaliation claim would require substantial additional discovery, including scheduling several depositions. As such, the Court concludes that affording Plaintiffs leave to amend after their undue delay would result in prejudice to Defendants by disrupting the progress of this class and collective action. *See George v. Kraft Foods Global, Inc.*, 641 F.3d 786, 789-91

4

(7th Cir. 2011) (affirming the district court's denial of a motion to amend where discovery was set to conclude in the next few months and where allowing the amendment would have substantially disrupted the progress that had been made regarding class certification). Moreover, Marlow has already filed a separate lawsuit against Defendants advancing his retaliation claim. Allowing the amendment in this suit would result in duplicative litigation.

In sum, because Plaintiffs offered no reason for their undue delay in seeking to add the retaliation claim, and because the addition of the claim would result in prejudice to Defendants and duplicative litigation, Plaintiffs' motion to amend will be DENIED.

### D. Conclusion

For the foregoing reasons, Plaintiffs' Motion to Amend Complaint (DE 83) is DENIED.

SO ORDERED.

Entered for this 7th day of June 2016.

/s/ Susan Collins
Susan Collins,
United States Magistrate Judge