**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| DANIEL KOCH and JOHNNY RAY WELLS, JR., on Behalf of Themselves and All Others Similarly Situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | CAUSE No.:  1:14-CV-72 |
| JERRY W. BAILEY TRUCKING, INC. JERRY W. BAILEY and LINDA L. BAILEY, | ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM IN SUPPORT OF**
**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

The class and collective Plaintiffs allege that they are entitled to payment for wages for work conducted off the clock during their employment with Jerry W. Bailey Trucking, Inc. ("Bailey Trucking").  The Class Action was provisionally certified for an action for unpaid wages under the Indiana Wage Payment Act.  A Collective Action was provisionally certified for claims for unpaid overtime pursuant to the Fair Labor Standards Act.

The Defendants are entitled to summary judgment on the following issues:

1.      Any claims for unpaid wages are defeated by the fair and acceptable rounding procedures followed by Bailey Trucking, and any unpaid wages after following the rounding procedures are *de minimis*;

1

2.      Jerry W. Bailey and Linda Bailey should not be individually liable for any claims for unpaid overtime in the Collective Action;

3.      A participating Collective Member should not be entitled to damages for unpaid overtime during a third year look back period under the Fair Labor Standards Act because there is no evidence that Bailey Trucking acted willfully in disregard of the requirement to pay overtime; and

4.      In the event that the proposed Class Action under the Indiana Wage Payment Act is not decertified, any damages suffered by a Class Participant is limited to the actual wages that were unpaid as the representatives of Bailey Trucking acted in good faith.

## I.      Legal Standard

A motion for summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A party seeking summary judgment bears the initial responsibility of informing a court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

2

779606.1

affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party supports its motion for summary judgment with affidavits or other materials, it thereby shifts to the non-moving party the burden of showing that an issue of material fact exists. *Keri v. Bd. of Trust. of Purdue Univ.*, 458 F.3d 620, 628 (7th Cir. 2006).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. *Keri*, 458 F.3d at 628. A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson v. Liberty Lobby*, 477 U.S. 242, 249–50 (1986). *See Crop Prod. Servs. Inc. v. Rudicel*, No. 3:14-CV-1751 JVB, 2016 WL 8199121, at *1 (N.D. Ind. May 6, 2016).

## II.   Analysis

Jerry W. Bailey is the owner of Jerry W. Bailey Trucking, Inc.  ("Bailey Trucking").  His wife Linda Bailey is also an owner.  Bailey Trucking has been involved in providing dump truck services since 1975, and was incorporated in 1981.[1]

Bailey Trucking pays its drivers hourly and pays overtime when a driver earns it. Drivers keep track of their own hours, writing down their start time and their finish time at the end of the day.  Drivers are paid for lunch during the day and for any time

---

[1] A statement of material facts with supporting documentation is filed separately with citations testimony in depositions.

spent in cleaning their trucks.  The start time for drivers is once they hit the gate to leave the facility.  The end time is when they return after fueling.

Bailey Trucking rounds all driver time to the quarter of the hour.  This allows employees to get their truck ready in an efficient manner and head out to start the day.

Drivers should at the beginning of the day, get in, walk around the truck, just check the tires, check the belts, the fluids, start the truck, and walk in here and get ready to work.  Jerry Bailey and Chad Bailey believe this takes only a few minutes.  Bailey Trucking does have a policy that drivers are to arrive fifteen minutes prior to their start time, but employees do not follow that policy.  Jerry and Chad have both witnessed drivers simply jumping in the truck and going.

At the end of the day, drivers are to fuel up and clean out their beds.  Many drivers do not wait until the end of the day to clean out their beds or to refuel.  Jerry and Chad do not believe that this takes much time.

The named class representatives testified that every day they dutifully arrived fifteen minutes early and started and prepared their trucks.  At the end of every day they cleaned out their beds and refueled their truck.  They claim that they worked fifteen minutes at the beginning and end of every day they worked, and that they were not paid by Bailey Trucking, either regular time or overtime for this work.

4

### A.  Any claims for unpaid wages are defeated by the fair and acceptable rounding procedures followed by Bailey Trucking and any unpaid wages following the rounding process are de minimis

Bailey Trucking had employee write down their start time and end time on handwritten time cards.  These time cards allowed the employee to control his or her start and finish times.  Bailey Trucking then paid employees by rounding their time either up or down in a quarter hour rounding period.  Employees could therefore control the start and end time for the day.  Employees could also complain and have their time periods adjusted if they felt that their paychecks did not adequately represent the time they worked.

Regulations interpreting the FLSA provide that employers may round recorded starting or stopping times to the nearest quarter of an hour.  *29 CFR 785.48.*  This way employers, while maintaining accurate records, can disregard early or late punching by employees who voluntarily arrive early or remain after hours, so long as those employees do not perform any work.  *Id.*  This is the exact scenario envisioned by Jerry Bailey.

In this way, Bailey Trucking could pay its employees who were actually working, but avoid paying employees who were just drinking coffee.  However, employees who were dutifully and efficiently cleaning their trucks could be paid for this time.  Jerry Bailey testified that the walk-around should only take a few minutes of time.  Chad Bailey echoed these comments.  This way, any unpaid time should be *de minimis* for each employee.

Under the *de minimis* doctrine, time that is otherwise compensable need not be included in the "hours worked" calculation where the time period "as a practical administrative matter, cannot be adequately recorded for payroll purposes." *Alexander v.*

*Wackenhut Corp.*, 2008 U.S. Dist. LEXIS 50070, 2008 WL 2697163, *6 (E.D. La. 2008).  When evaluating whether work performed by an employee is *de minimis*, courts typically consider the amount of time spent on the extra work, the practical administrative difficulties of recording additional time, the regularity with which the additional work is performed, and the aggregate amount of compensable time.  *Lindow v. United States, 738 F.2d 1057, 1062-63 (9th Cir. 1984); see also* 29 C.F.R. § 785.47.

Assuming that the statements of Jerry and Chad are accurate, the amount of any uncompensated time should be minimal.  Time to prepare for the day of 2-4 minutes or a short refueling time, will likely be included in the reported time based on the rounding process.  And, if the preparation or refueling is done on a daily basis, the rounding should equal out over the long run.

Furthermore, it is also clear that employees were, at times, paid to refuel and clean their truck at the end of the day as shop time.  A primary allegation is that Bailey Trucking did not pay for time at the end of the day.  Clearly, some employees were paid, and at times, at least Daniel Koch, was paid for shop time. [2]

In regard to the difficulty in tracking the pre and post work time, the time sheets were to match the dispatch sheets for purposes of billing Bailey Trucking's customers.  This would potentially create difficulty for Bailey Trucking to determine if a time mark on a hand written card was when an employee actually started working, or if it was when the employee left the lot for billing purposes.  The rounding process in place was designed to

---

[2] To the extent that this creates an issue of fact that must be tried, it creates another layer of complexity to a potential class and collective action as each employee will need to state if and when they were paid shop time, instead of claiming that there was unpaid work at the beginning and end of a day, creating new facts that make the matter less efficient as a class or collective case.

avoid this complexity and to give employees the opportunity to efficiently prepare for the day.  Furthermore, Jerry and Chad testified that employees did not regularly follow the policy, and both witnessed employees simply getting into their truck and going without any warm up or walk around.

At the end of the day, Bailey Trucking utilized a regular and common practice of tracking time for its drivers.  Its time rounding process to the quarter of an hour is an acceptable practice under the FLSA and the regulations governing the implementation of the Act.  Additionally, once the court considers the ramifications of the rounding process, any unpaid time is *de minimis*.  The unpaid work time would not be regularly incurred as the rounding process allows for an equal distribution of time in favor of the employee and in favor of the employer.


B.  Jerry W. Bailey and Linda Bailey should not be individually liable for any claims for unpaid overtime in the Collective Action

Under the FLSA, an "employer" is "any person [who acts] directly or indirectly in the interest of an employer in relation to an employee.  *29 U.S.C. 203(d)*.  Those with supervisory authority over employees may be held individually liable as employers under the FLSA if they were either responsible in whole or in part of an alleged violation.  *Riordan v. Kempiners*, 831 F.2d 690, 694 (7th Cir. 1987).  A corporate officer with operational control over an employing entity falls within the definition.  *See U.S. Dept of Labor v. Cole Enterpises, Inc.*, 62 F.3d 775, 778-79 (6th Cir. 1995).

7

Because just about any supervisor, officer or director may "act in the interest of the employer," Courts look to the parties exercising significant control over the employment relationship. The issue is not whether the individual controls every aspect of the employees' conduct, but whether the individual has control over the alleged violation of the FLSA.  *See Dole v. Simpson*, 784 F. Supp. 538 (S.D. Ind. 1991).  In this case, Linda Bailey and Jerry Bailey were named as individual defendants.  Their potential liability is limited to claims under the FLSA in the Collective Action only.  There is no claim that either should be individually liable under the Class Action for violation of the Indiana Wage Payment Act.

Linda Bailey was named as a defendant as an owner of Bailey Trucking.  Linda worked in the human resources area of Bailey Trucking and assisted with payroll.  She also assisted in accounts payable and accounts receivable.  She was not involved in hiring and firing or setting pay.  While she did help create the employment manual, she was not in charge of creating policies.  She also did not get involved with work assignments (or dispatch of the drivers) and was not in charge of policies concerning time cards, rounding or the time to start or stop work.  It is clear that Linda Bailey, even though she is the spouse of Jerry Bailey and a part owner, is not an employer under the FLSA.[3]

Jerry Bailey is admittedly a closer call for individual liability.  Jerry is a shareholder of Bailey Trucking.  Jerry stated that he was in charge of the pay policies at

---

[3] The parties attempted to dismiss Linda Bailey by stipulation.  The court denied the stipulation based on notice requirements under Fed. R. Civ. P. 23.

779606.1

Bailey Trucking.  Jerry stated that he paid his employees the same way that his competitors did.  There is no testimony that Jerry was involved in daily dispatch or assignments for work.  Jerry was also not involved in compiling payroll from the time cards of the workers.  Neither class representative, Daniel Koch or Johnny Wells, testified that they complained to Jerry about payroll, the timing functions or payment of overtime.   As a result, even if the definition of employer under the FLSA is expansive, based on the facts, Jerry should not be defined as an employer with individual liability.

> C.      A participating Collective Member should not be entitled to damages for unpaid overtime during the third year under the Fair Labor Standards Act because there is no evidence that Bailey Trucking acted willfully in disregard of the requirement to pay overtime

The usual statute of limitations under the Fair Labor Standards Act ("FLSA") is two years from the date that the claim for back wages accrued.  29 U.S.C. § 255.  There is, however, an exception if the violation of the FLSA by the employer was willful. If the violation was willful then the statute of limitations is extended to three (3) years.  *Id*. The Supreme Court has interpreted willful with respect to the FLSA to mean "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988).  Further, the Supreme Court has noted that a finding of willfulness in the FLSA refers to actions that are more than mere negligence.  *Hazen Paper Co. v. Biggins,* 507 U.S. 604, 615 (1993).

9

The Northern District Court of Indiana has followed the Supreme Court's lead and held that:

> A violation is deemed willful under the FLSA if the employer either knew or showed reckless disregard for whether its conduct was prohibited by the FLSA. An employer's mere negligence or a good faith - but incorrect - belief that they were in compliance with the FLSA, are not sufficient to rise to the level of a willful violation.

*Fugate v. Dolgencorp, LLC*, 2012 U.S. Dist. LEXIS 151876, 18 (N.D. Ind. Oct. 23, 2012) (internal citations omitted) *see also EEOC v. Madison Cmty. Unit Sch. Dist.*, 818 F.2d 577, 585 (7th Cir. 1987)("A violation is 'willful' under the Act if the defendant either knew he was violating the Act or was indifferent to whether he was violating it or not (and therefore 'reckless')"). "Reckless disregard... involves actual knowledge of a legal requirement, and deliberate disregard of the risk that one is in violation." The court went on to state that the plaintiff must prove more than the employer should have known that they were violating the law. *Damassia v. Duane Reade, Inc.*, 2005 U.S. Dist. LEXIS 9768, 7 (S.D.N.Y. May 17, 2005)

Jerry and Linda both testified that Bailey Trucking paid overtime. Koch testified that he was paid overtime. He testified that if he had an issue with his compensation he would discuss it with office staff at Bailey Trucking and had his payroll records adjuster in his favor. Neither Koch nor Wells complained during their employment about the start and end time and not being paid for their work.

Bailey Trucking had the appropriate work posters in the office and kept those up to date. The Indiana Department of Labor conducted an audit of Bailey Trucking's payroll practices and did not instruct Bailey Trucking to do anything different. Jerry

10

testified that he talked to other business in the dump truck market and believed that he paid the same way that they did.

This type of conduct is not willful or reckless conduct. The payroll procedures used by Bailey Trucking were similar to others in the industry, and no one told Bailey Trucking - or even complained - that its policies were improper or unsatisfactory. This is a case where there are now allegations that time was not properly recorded – or paid. This is the type of mere negligence that may lead to liability (of course, the Defendants deny the same), but it should not lead to an extended third-year of claims and liability under the FLSA.

> D.    In the event that the proposed Class Action under the Indiana Wage Payment Act is not decertified, any damages suffered by a Class Participant is limited to the actual wages that were unpaid as the Defendants acted in good faith.

The Indiana Wage Payment Act found at Ind. Code 22-2-5 et seq. was amended by the Indiana General Assembly following the commencement of this litigation. The existing statute changes the provisions on awarding damages slightly to remove the prior version's automatic application of liquidated damages of ten percent per day up to two times the amount of the wages due. See I.C. 22-2-5-2 (2014). The current version provides:

> Every [employer] who shall fail to make payment of wages to any such employee as provided in section 1 of this chapter shall be liable to the employee for the amount of unpaid wages, and the amount may be recovered in any court having jurisdiction of a suit to recover the amount due to the employee. The court shall order as costs in the case a reasonable

11

fee for the plaintiff's attorney and court costs. <u>In addition, if the court in any such suit determines that the [employer] that failed to pay the employee as provided in section 1 of this chapter was not acting in good faith, the court shall order, as liquidated damages for the failure to pay wages, that the employee be paid an amount equal to two (2) times the amount of wages due the employee.</u>

I.C. § 22–2–5–2 (current version) (emphasis added).

In *Brown v. Bucher and Christian Consulting, Inc.*, 87 N.E.3d 22 (Ind. Ct. App. 2017), the Indiana Court of Appeals held that the purpose of the amendments were remedial and therefore retroactive application of the statute should apply to litigation.  "Given the remedial nature of the 2015 amendment and the penal nature of the Wage Payment Statute, we can only conclude that the 2015 amendment may be applied retroactively." Id., at 27.  Therefore, to the extent that this court finds a violation of the Indiana Wage Payment Act in favor of the Class Participants, the Court should not automatically apply the liquidated damage provisions.

The facts show that Bailey Trucking acted in good faith concerning the payment of overtime.  As stated in the section above, Bailey Trucking acted in good faith concerning its belief that its time keeping practices and payroll practices complied with the law and were accurate.  Bailey Trucking had outside accountants assisting it with its payroll practices.  Jerry believed that his payroll practices were consistent with other dump truck entities.   To the extent that the court finds that Bailey Trucking did not act willfully or recklessly, it should also find that Bailey Trucking acted in good faith and decline to award liquidated damages under the Indiana Wage Payment Act, in the event that the court finds that the Class is entitled to damages.

12

### III.      Conclusion

The Defendants are entitled to summary judgment on the claims of the Collective and Class participants as the payroll practices of Bailey Trucking were appropriate and legal.  To the extent that the class and collective action participants were not compensated for their time and worked off the clock, the time spent was actually compensated due to the appropriate rounding practices.  After applying the appropriate rounding practices, any time unpaid is *de minimis*.  to the extent that the claims are not dismissed in their entirety, neither Jerry Bailey or Linda Bailey should be individually liable for any claims in the Collective Action under the FLSA; and they should not be individually liable for any claims in the Class action as no such theory has been alleged for the violation of the Indiana Wage Payment Act.  Last, the same operative facts show that Bailey Trucking did not act recklessly or willfully, and instead acted in good faith that its pay practices complied with federal and state law.  As a result, the Court should not allow a third year look back under the FLSA claims in the collective action and the court should not award any liquidated damages in the Class Action for a violation of the Indiana Wage Payment Act.

Respectfully submitted,

**ROTHBERG LOGAN & WARSCO LLP**

/s/Theodore T. Storer
Theodore T. Storer #17576-02
505 East Washington Boulevard
P.O. Box 11647

Fort Wayne, Indiana  46859
Telephone:  (260) 422-9454
Facsimile:  (260) 422-1622
tstorer@rlwlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following party by operation of the Court's CM/ECF system.

Ronald E. Weldy
BARKER HANCOCK & COHRON
198 South 9th Street
Noblesville, IN  46060
rweldy@bhclegal.com

/s/*Theodore T. Storer*
Theodore T. Storer

779606.1