UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| DANIEL KOCH and JOHNNY RAY WELLS, JR., on Behalf of Themselves and All Others Similarly Situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CAUSE NO. 1:14-CV-72-HAB |
| JERRY W. BAILEY TRUCKING, INC., JERRY W. BAILEY and LINDA L. BAILEY, | ) ) ) ) | |
| Defendants. | ) ) | |

## OPINION AND ORDER

This matter comes before the Court on Defendants' Motion to Decertify Provisional Class and Collective Actions (ECF No. 126). For the reasons set forth below, Defendants' Motion will be granted.

## BACKGROUND

Plaintiffs allege that Jerry W. Bailey Trucking, Inc. ("JWBT") violated both federal and state wage laws, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Indiana Wage Payment Statute, Ind. Code § 22-2-5 *et seq.*, and the Indiana Wage Claims Statute, Ind. Code § 22-2-9 *et seq.*, by failing to pay employees for certain work performed off-the-clock. Plaintiffs claim that they are entitled to overtime wages, regular wages, and overtime premiums.

On April 22, 2014, Plaintiffs filed their Motion for Certification and Notice of Collective Action Lawsuit and Plaintiffs' Motion for Class Certification (ECF No. 18). Rather than litigate the certification issue, on May 29, 2014, the parties filed their Joint Stipulation Regarding Conditional Certification, Class Certification and Distribution of Proposed Opt-In Notice (ECF

No. 28). In that filing, the parties "elected to stipulate to conditional certification, preliminary class certification and issuance of notice to potential opt-ins and class members." (*Id*. at 1). However, Defendants expressly reserved the right to "later petition for decertification or otherwise to challenge the ultimate certification of this matter as a collective and/or class action." (*Id*.). Following significant additional filings and briefing on various certification issues, the Court granted Plaintiffs' Motion for Certification on June 24, 2015, and certified,

> a class comprised of all present truck drivers employed by Jerry W. Bailey Trucking Inc. and former truck drivers who voluntarily ended their employment, who were employed by Jerry W. Bailey Trucking Inc. on or after March 7, 2012, until November 1, 2013, and were not paid regular wages for time spent performing morning (pre-driving) inspections, fueling and end of day (post-driving) inspections.

(ECF No. 59 at 6). The Court additionally appointed Daniel Koch and Johnny Ray Wells, Jr., as representative plaintiffs and the attorneys at Weldy and Associates as class counsel. (*Id*.). Finally, the Court also granted preliminary certification of a collective action under the FLSA. (*Id*.).

Following discovery into Plaintiffs' claim, Defendants filed the instant motion and accompanying Memorandum in Support (ECF No. 127). Plaintiffs filed their response in opposition with supporting memorandum on June 19, 2018 (ECF No. 149) and Defendants filed their Reply Memorandum in Support of Motion to Decertify Provisional Class and Collective Actions (ECF No. 156) on August 3, 2018.

## LEGAL ANALYSIS

### A. CERTIFICATION STANDARD

Under Rule 23(a), class certification is permitted only if these four requirements are met: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are

typical of the claims and defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).

If Rule 23(a) is satisfied, the proposed class must also fall within one of three categories in Rule 23(b), which the Seventh Circuit has described as: "(1) a mandatory class action (either because of the risk of incompatible standards for the party opposing the class or because the risk that the class action adjudication would, as a practical matter, either dispose of the claims of nonparties or substantially impair their interests), (2) an action seeking final injunctive or declaratory relief, or (3) a case in which the common questions predominate and class treatment is superior." *Spano v. The Boeing Co.*, 633 F.3d 574, 583 (7th Cir. 2011).

"Rule 23 does not set forth a mere pleading standard." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011). "On issues affecting class certification . . . a court may not simply assume the truth of the matters as asserted by the plaintiff." *Messner v. Northshore Univ. HealthSys.*, 669 F.3d 802, 811 (7th Cir. 2012). Rather, the named plaintiff bears the burden of showing that a proposed class satisfies each requirement of Rule 23 by a preponderance of the evidence. *Id*. "Failure to meet any one of the requirements of Rule 23 precludes certification of a class." *Harriston v. Chi. Tribune Co.*, 992 F.2d 697, 703 (7th Cir. 1993). Certification is proper only if "the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Dukes*, 564 U.S. at 351. The Seventh Circuit has directed district courts to exercise "caution in class certification generally." *Thorogood v. Sears, Roebuck & Co.*, 547 F.3d 742, 746 (7th Cir. 2008).

Under Rule 23(c)(1)(C), "[a]n order that grants or denies class certification may be altered or amended before final judgment." Fed. R. Civ. P. 23(c)(1)(C). After granting certification, the court "remains under a continuing obligation to review whether proceeding as a class action is

appropriate." *Shurland v. Bacci Cafe & Pizzeria on Ogden, Inc*., 271 F.R.D. 139, 142 (N.D. Ill. 2010) (quoting *Ellis v. Elgin Riverboat Resort*, 217 F.R.D. 415, 419 (N.D. Ill. 2003)). When a party moves to decertify a class, "the party seeking class certification 'bears the burden of producing a record demonstrating the continued propriety of maintaining the class action.'" *Farmer v. DirectSat USA, LLC*, 2013 WL 2457956, at *2 (N.D. Ill. June 6, 2013) (quoting *Ellis*, 217 F.R.D. at 419); see also *Jacks v. DirectSat USA, LLC*, 2015 WL 1087897, Case No. 10-cv-1707 at *1 (N.D. Ill. Mar. 10, 2015).

Motions to decertify a class are reviewed using the same standards as motions to certify a class. Motions to decertify a class are not subject to the heightened standards of review applied to motions for reconsideration, even if the class was previously certified by a different judge. *See Ellis*, 217 F.R.D. at 420; see also *Phillips v. Sheriff of Cook Cty.*, 828 F.3d 541, 549 (7th Cir. 2016) (applying the class certification analysis to an order decertifying a class).

"Under Section 216(b) of the FLSA, employees may bring a collective action on behalf of themselves and other 'similarly situated' employees against employers who violate the Act's minimum wage or overtime provisions." *Smallwood v. Ill. Bell Tel. Co*., 710 F. Supp. 2d 746, 750 (N.D. Ill. 2010). A collective action under the FLSA is different from a class action certified under Federal Rule of Civil Procedure 23. *Flores v. Lifeway Foods, Inc*., 289 F. Supp. 2d 1042, 1044 (N.D. Ill. 2003). But "the case law has largely merged the standards." *Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770, 772 (7th Cir. 2013). Therefore, when deciding whether to decertify a collective action and a class action in one lawsuit, the court treats them as a single class action and applies the Rule 23 standards. *See Dekeyser v. Tyssenkrupp Waupaca, Inc*., 860 F.3d 918, 920 (7th Cir. 2017) (noting collective actions "are very similar to the more familiar Rule 23 class actions" and "analyz[ing] the two classes together"); see also *Sanchez v. Roka Akor Chi. LLC*, 2016 WL

74668, at *5 (N.D. Ill. Jan. 7, 2016); *Elder v. Comcast Corp.*, 2015 WL 3475968, at *5 (N.D. Ill. June 1, 2015); *Dailey v. Groupon, Inc.*, 2014 WL 4379232, at *4 (N.D. Ill. Aug. 27, 2014).

**B.      PLAINTIFFS CANNOT DEMONSTRATE SUFFICIENT NUMEROSITY**

Defendants ask this Court to decertify the class and collective actions on several bases, including an insufficient number of class members, a lack of typicality and commonality between and among the class members, alleged misconduct by class counsel, and the claim that Plaintiff Koch should be removed as representative. If the numerosity issue were removed from the discussion, the Court would likely find that the Plaintiffs have continued to meet the standard for certification and deny the motion. However, the numerosity issue is before the Court, and it is dispositive.

Rule 23(a)(1) permits certification only when "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "Impracticable" does not mean "impossible," but rather, extremely difficult and inconvenient. *See, e.g.*, *Skelton v. Gen. Motors Corp.*, 1985–2 Trade Cas. (CCH) ¶ 66,683 (N.D. Ill. 1985). Although Rule 23 does not impose an absolute minimum on the permissible number of class members, a small number militates against certification. Certification of classes containing less than twenty-five members is generally not permitted absent special circumstances. *CL–Alexanders Laing & Cruickshank v. Goldfeld*, 127 F.R.D. 454, 455–57 (S.D.N.Y. 1989); *State Sec. Ins. Co. v. Frank B. Hall & Co.*, 95 F.R.D. 496, 498 (N.D. Ill. 1982). When determining if joinder of all class members is impracticable, courts often consider many factors, including: the class size; judicial economy arising from the avoidance of a multiplicity of actions; the ease of identification of members of the proposed class; the geographic dispersion of class members; the size of each plaintiff's claim; the financial resources of the class members; the ability of claimants to institute individual suits; and requests for

prospective injunctive relief which would involve future class members; and any other factors relevant to the practicability of joining all the class members. Alba Conte & Herbert Newberg, *Newberg on Class Actions* § 3:6 (2002 & Supp. 2011); see also *Gomez v. Ill. State Bd. of Educ.*, 117 F.R.D. 394, 399 (N.D. Ill. 1987) (listing similar factors). A court must rely on simple common sense when determining whether a class size meets the numerosity requirement. *See Flood v. Dominguez*, 270 F.R.D. 413, 417 (N.D. Ind. 2010) (citing *Redmon v. Uncle Julio's of Ill., Inc.*, 249 F.R.D. 290, 294 (N.D. Ill. 2008)).

When this Court originally certified the class and collective actions, it noted that the potential number of class member was sixty or more, based upon the affidavits of Plaintiffs. (ECF No. 59 at 2). Now, however, Plaintiffs can identify only sixteen class members (*see* ECF No. 150 at 3), and only fourteen members of the collective action (*see Id.* at 8–26). These numbers, taken alone, do not support a finding of sufficient numerosity, a fact that Plaintiffs tacitly admit. (*Id*. at 45). Accordingly, class size alone will not save the certification.

Nor does the Court find that there are sufficient special circumstances in this case to support ongoing certification of such a small class. Cases finding such special circumstances are instructive. In *Gaspar v. Linvatec Corp.*, 167 F.R.D. 51 (N.D. Ill. 1996), the court certified a class consisting of only eighteen members. *Id*. at 61. Although there were few potential plaintiffs, class certification served judicial economy because a single issue determined liability for all of the class members and they were dispersed among Illinois, New Jersey, and Tennessee. *See id*. at 56–57. Likewise, a class of only twenty-two female applicants for positions with the Southeastern Pennsylvania Transportation Authority was certified in *Lanning v. Southeastern Pennsylvania Transportation Authority*, 176 F.R.D. 132 (E.D. Pa. 1997). There, the plaintiff had the names of potential parties, their social security numbers, and the names of streets where the potential parties

lived. *Id*. at 147. Nonetheless, the court found that "it would be almost impossible for plaintiffs to find" the women since they did not know in what town, city or municipality any of the women resided. *Id*.

Here, Plaintiffs cannot identify any such difficulties. The class members have been identified, by name, in the parties briefing. (*See, generally*, ECF 150 at 8–26). All of the class members are residents of this district. (ECF 127 at 5). Plaintiffs have not identified any difficulty, much less extreme difficulty, in joining the individual members of the class or collective actions. Common sense compels the Court to find that the numerosity requirement is no longer met, and that the class and collective actions must be decertified.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motion to Decertify Provisional Class and Collective Actions (ECF No. 126) and decertifies the class and collective actions previously certified by this Court's June 24, 2015, Order (ECF No. 59). The Court sets this matter for a telephonic status conference on June 5, 2019 at 2:00 PM to determine how the parties wish to proceed with the joinder of potential party plaintiffs and with the pending cross-motions for summary judgment.

SO ORDERED on May 16, 2019.

      s/ Holly A. Brady
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT