**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| DANIEL KOCH,<br>JOHNNY RAY WELLS, JR.,<br>TRENT COLLINS,<br>BRAD WEIKART,<br>FRANKLIN LORTIE,<br>KIRK HERRING,<br>ZACKERY PEPPLE,<br>DANNY PORTER,<br>TIMOTHY NIBLACK,<br>TOM SEITZ, SR., and<br>ANTHONY FOLLIS,<br><br>Plaintiffs,<br><br>vs.<br><br>JERRY W. BAILEY TRUCKING, INC.,<br>THE ESTATE OF JERRY W. BAILEY, and<br>LINDA L. BAILEY,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CAUSE NO. 1:14-cv-00072-HAB |

## DEFENDANTS' RESPONSE TO MOTION TO STRIKE

The Defendants, Jerry W. Bailey Trucking, Inc. (Bailey Trucking), Jerry W. Bailey, and Linda L. Bailey, by counsel, Rothberg Logan & Warsco LLP, file their Response to the Plaintiffs' Motion to Strike Motor Carrier Exemption Argument (DE 207), which was a defense asserted in the Defendants' second Motion for Summary Judgment (DE 204).

1.     Following the decertification of the proposed class and collective action, the Defendants deposed most of the remaining plaintiffs on March 11, 12, 18 and telephonically on March 25.[1]   During the depositions, it was discovered that many of the remaining plaintiffs had travelled across state lines to Michigan and/or Ohio during their employment with Bailey Trucking.

---

[1] Defendants have not yet deposed Plaintiff Kirk Herring who was unavailable for deposition and has only recently advised Plaintiffs' counsel of his availability for a telephonic deposition.

1

2.      Defendants' filed their second Motion for Summary Judgment on April 24, 2020 to comply with the Court's deadline.  In the second Motion, the Defendants identified those plaintiffs who admitted to travelling to Michigan and/or Ohio during their employment with Bailey Trucking and asserted an exemption to the overtime obligations under the Federal Motor Carrier Act which would apply to the claims of the Plaintiffs for unpaid overtime under the Fair Labor Standards Act. This exemption argument would not be applicable to any of the claims under the Indiana Wage Payment or Indiana Wage Claims Acts.

3.      On May 8, 2020, Plaintiffs' counsel contacted Defendants' counsel to inquire about counsel's willingness to stay the action pending a motion to strike.   Defendants' counsel indicated that he needed to speak to his client.  Later that evening, Plaintiffs' filed their Motion to Strike (DE 207) and a corresponding Motion to Stay (208).

4.      During the conversation, Plaintiffs' counsel did not seek any agreement on discovery or to depose additional parties, or to reopen any depositions.

5.       The purpose of requiring a defendant to raise an affirmative defense in his responsive pleading is to "avoid surprise and undue prejudice to the plaintiff by providing [] notice" and an opportunity to respond. *Venters v. City of Delphi,* 123 F.3d 956, 967 (7th Cir.1997). As such, parties have been able to add affirmative defenses after the pleading stage when the plaintiff is not prejudiced by the late notice. *Williams v. Lampe,* 399 F.3d 867, 871 (7th Cir.2005). *Fugate v. Dolgencorp, LLC,* No. 3:10-CV-344, 2012 WL 5268494, at *4 (N.D. Ind. Oct. 23, 2012), *aff'd on other grounds,* 555 F. App'x 600 (7th Cir. 2014).

6.      Courts have allowed a late amendment to answers to add an affirmative defense for the Motor Carrier Exemption.  *See Barron v. Lee Enterprises, Inc.,* 183 F. Supp. 2d 1077 (C.D. Ill. 2002).

7.      Courts have denied allowing an additional affirmative defense close to the date of trial.  *See Brown v. Presstime Graphics, Inc.,* No. 2:13-CV-425-WTL-DKL, 2016 WL 6067885, at *1 (S.D.

Ind. Oct. 17, 2016)(at final pretrial conference finding Defendants forfeited the right to assert a lack of willfulness for because they failed to assert affirmative defense); *Braddock v. Madison Cty.*, 34 F. Supp. 2d 1098, 1112 (S.D. Ind. 1998)(denying affirmative defense when defendants raised issue on the last business day before trial); *Weil v. Metal Techs., Inc.*, 305 F. Supp. 3d 948, 959 (S.D. Ind. 2018), *vacated and remanded,* 925 F.3d 352 (7th Cir. 2019)(denying or rejecting arguments on affirmative defense raised in Trial Brief).

8.      Furthermore, simply because this case has proceeded from the early stages of a class certification issue, the court should not necessarily deem the affirmative defense was waived. Where the plaintiff has an opportunity to respond to a late affirmative defense, he cannot establish prejudice merely by showing that the case has progressed significantly since the defendants answered his complaint. *See Williams v. Lampe*, 399 F.3d 867, 871 (7th Cir. 2005)(*citations omitted*).

9.      Here the Plaintiffs can request additional discovery, as has been agreed to by the parties in regard to the late deposition of Kirk Herring due to his unavailability. Furthermore, the Court and the parties can continue to address the other issues in this case without holding up the resolution of the claim or delaying the trial current scheduled at the end of the year.

10.     The claims sought to be stricken are found in a Motion for Summary Judgment. The Plaintiffs can respond to this argument within the motion practice without delaying the proceedings.

11.     Last, Defendants can move to amend and file an amended answer to include the affirmative defense of the exemption under the Federal Motor Carrier Act, if instructed by the Court.

WHEREFORE Defendants, Jerry W. Bailey Trucking, Inc., Jerry W. Bailey, and Linda L. Bailey, respectfully request that the court deny the Motion to Strike Argument as the Plaintiffs can respond to the argument raised in the summary judgment, or in the event that additional discovery is necessary, the court can allow the Plaintiff to respond to the Motion for Summary Judgment and

hold the issue of the exemption until the parties have the full opportunity to participate in any discovery concerning the issue.

Respectfully submitted,

**ROTHBERG LOGAN & WARSCO LLP**

/s/Theodore T. Storer
Theodore T. Storer #17576-02
505 East Washington Boulevard
P.O. Box 11647
Fort Wayne, Indiana  46859
Telephone:  (260) 422-9454
Facsimile:  (260) 422-1622
tstorer@rlwlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following party by operation of the Court's CM/ECF system.

Weldy Law
Ronald E. Weldy
8383 Craig Street.  Suite 330
Noblesville, IN  46250
rweldy@weldylegal.com

/s/Theodore T. Storer
Theodore T. Storer