UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DANIEL KOCH, *et al.*,       ) | |
|                          ) | |
|     Plaintiffs,    ) | |
|                          ) | |
| v.                         ) | Cause No. 1:14-CV-72-HAB |
|                          ) | |
| JERRY W. BAILEY TRUCKING, INC.,  ) | |
| THE ESTATE OF JERRY W. BAILEY,   ) | |
| and LINDA BAILEY,    ) | |
|                          ) | |
|     Defendants.    ) | |

**AMENDED[1] OPINION AND ORDER**

It is said that only two things would survive a nuclear Armageddon: cockroaches and Twinkies. Threatening to add itself to that list is this case. Some six years after suit was filed, Defendants have asserted that the provisions of the Motor Carrier Act ("MCA") exempt them from federal overtime obligations to their employees, barring Plaintiffs' claims for unpaid overtime compensation under the Fair Labor Standards Act ("FLSA"). Plaintiffs cry foul and have moved to strike the MCA defense as an untimely affirmative defense. This Court finds that Defendants have failed to advance any reason for the belated assertion of the MCA defense and that Plaintiffs would be prejudiced if it were injected into the case at this late hour. As such, the defense will be stricken.

---

[1] The Court's prior Opinion and Order (ECF No. 212) is amended solely for the purpose of correcting an error in the conclusion indicating that Defendants, rather than Plaintiffs, had filed the motion to strike. The Opinion and Order remains the same in all other respects.

**A.     Procedural Background**

As with any case that has been pending for more than six years, this case has an extensive procedural history. Thankfully, most of that history is irrelevant to the matter before the Court. As such, the Cliff's Notes version will suffice.

Plaintiffs filed, as a matter of right, their Amended Complaint for Damages on March 17, 2014. (ECF No. 8). Plaintiffs alleged, generally, a collective action under the FLSA and a class action under Indiana law for Defendants' alleged failure to pay overtime compensation to truck drivers employed by Defendant Jerry W. Bailey Trucking, Inc. ("JBT"). Defendants timely answered on May 9, 2014, asserting eleven affirmative defenses. (ECF No. 22). None of those affirmative defenses asserted, or alluded to, exemption from overtime under the MCA.

Following decertification of the class and collective actions, Plaintiffs filed their Second Amended Complaint for Damages on December 12, 2019. (ECF No. 199). Plaintiffs continued to assert claims under the FLSA and Indiana law, but now made those claims individually rather than as a class. Defendants once again timely answered (ECF No. 203), and once again asserted eleven affirmative defenses. As before, the MCA was not included in any of the affirmative defenses.

According to Defendants, they recently discovered that many of the Plaintiffs had traveled to Michigan and/or Ohio during their employment with JBT. This discovery was made during March depositions of several Plaintiffs. As a result, Defendants included an argument in their motion for summary judgment (ECF No. 204) asserting exemption from federally-required overtime compensation under the MCA.

Two weeks after Defendants' dispositive motion[2] was filed, Plaintiffs filed the instant motion to strike. (ECF No. 207). Plaintiffs argue that they had no notice of the MCA defense prior

---

[2] The Court has stayed all proceedings on Defendants' motion for summary judgment pending this ruling. (ECF No. 209).

2

to the motion for summary judgment, and therefore conducted no discovery relevant to the defense. Plaintiffs further argue that, had the defense been timely raised, they would have asserted a "Rule 23 Class Action for breach of contract as an alternative claim." (*Id.* at 2).

**B.     Legal Discussion**

Federal Rule of Civil Procedure 8(c) requires a defendant to plead all affirmative defenses in his answer to the complaint. The purpose of that rule, as courts have long recognized, is to avoid surprise and undue prejudice to the plaintiff by providing her notice and the opportunity to demonstrate why the defense should not prevail. *Blonder–Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 350 (1971); *Bank Leumi Le–Israel, B.M. v. Lee*, 928 F.2d 232, 235 (7th Cir. 1991); *see also*, *e.g.*, *Williams v. Ashland Eng'g Co.*, 45 F.3d 588, 593 (1st Cir. 1995); *Ball Corp. v. Xidex Corp.*, 967 F.2d 1440, 1443–44 (10th Cir. 1992); *Grant v. Preferred Research, Inc.*, 885 F.2d 795, 797 (11th Cir. 1989); *Perez v. United States*, 830 F.2d 54, 57 (5th Cir. 1987). As with other pleadings, this Court has the discretion to allow an answer to be amended to assert an affirmative defense not raised at the outset. Fed. R. Civ. P. 15(a); *see* 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1278 at 494–95 (2d ed. 1990). A defense may only become apparent after discovery, for example, in which case it would be reasonable for the court to permit the belated assertion of that defense. Nonetheless, the defendant remains obligated to act in timely fashion. *See Davis v. Bryan*, 810 F.2d 42, 44 (2d Cir. 1987) (statute of limitations defense must be raised "at the earliest possible moment") (internal quotation marks and citations omitted); *Home Depot, Inc. v. Guste*, 773 F.2d 616, 621 n. 4 (5th Cir. 1985).

Once the availability of an affirmative defense is reasonably apparent, the defendant must alert the parties and the court to his intent to pursue that defense. "A defendant should not be permitted to 'lie behind a log' and ambush a plaintiff with an unexpected defense." *Perez*, 830

F.2d at 57 (quoting *Ingraham v. United States*, 808 F.2d 1075, 1079 (5th Cir. 1987)); *see also Bettes v. Stonewall Ins. Co.*, 480 F.2d 92, 94 (5th Cir. 1973). The appropriate thing for the defendant to do, of course, is to promptly seek the court's leave to amend his answer. *See DeValk Lincoln Mercury, Inc. v. Ford Motor Co.*, 811 F.2d 326, 334 (7th Cir. 1987). The failure to do so risks a finding that the defense has been waived. *See Metro. Housing Dev. Corp. v. Vill. of Arlington Heights*, 558 F.2d 1283, 1287 (7th Cir. 1977); *see also Johnson v. Sullivan*, 922 F.2d 346, 355 (7th Cir. 1990); *Carroll v. Acme–Cleveland Corp.*, 955 F.2d 1107, 1115 (7th Cir. 1992); *Pinto Trucking Serv., Inc. v. Motor Dispatch, Inc.*, 649 F.2d 530, 534 (7th Cir. 1981); *Stanish v. Polish Roman Catholic Union of America*, 484 F.2d 713, 721 (7th Cir. 1973); *Roe v. Sears, Roebuck & Co.*, 132 F.2d 829, 832 (7th Cir.1943).

Defendants seemingly understand that the MCA defense was not timely raised.[3] Instead of arguing that the defense was timely, Defendants point the Court to several cases where an affirmative defense was permitted well-beyond the pleading stage. Defendants urge the Court to look not at the delay, but instead Plaintiffs' "opportunity to respond" to the MCA defense. (ECF No. 210 at 2–3).

Defendants are correct in concentrating on prejudice, but this concentration offers them little solace. Affirmative defenses have been permitted late in the life of a case, but only where the issue has been raised through other means. *See*, *e.g.*, *Blaney v. United States*, 34 F.3d 509, 512 (7th Cir. 1994) (defense raised in motion to dismiss); *Barron v. Lee Enters., Inc.*, 183 F. Supp. 2d 1077, 1081 (C.D. Ill. 2002) ("the issue of the Motor Carrier Act was raised during the depositions of Plaintiffs' expert witnesses and in the supplemental disclosures of Defendants' expert

---

[3] The Court agrees with Plaintiffs' statement that "Defendants did not have to discover that they allegedly sent truck drivers to Ohio and Michigan." (ECF No. 207 at 2). While counsel may not have discovered the interstate trips until the March 2020 depositions, JBT, as the party that assigned the trips, was certainly aware of them at the time suit was filed.

witnesses"); *Fugate v. Dolgencorp, LLC*, 2012 WL 5268494, at *4 (N.D. Ind. Oct. 23, 2012) (statute of limitations defense raised in response to previous complaint and discussed in discovery response). In each of these cases, the plaintiff was hard-pressed to argue that they were prejudiced by the filing of a defense that was well known to them.

That is not the case here. Defendants do not argue, nor do they point to evidence demonstrating, that they raised the MCA defense prior to their motion for summary judgment. Rather, Defendants sat on this issue for more than six years, raising it only via dispositive motion. During those six years, Plaintiffs had no reason to, and did not, conduct discovery into the MCA defense. They had no reason to, and did not, plead around the MCA defense. Instead, Plaintiffs have been given no more than the time allotted under Local Rule 56-1(b)(1) to investigate and form a response to the MCA defense. That is not what Rule 8(c) contemplates.

In contrast to Plaintiffs, there appears to be little prejudice to Defendants in striking the MCA defense. Defendants recognize that the MCA defense applies only to Plaintiffs' FLSA claims and not their Indiana state law wage payment claims. (ECF No. 210 at 2). Assuming the same unpaid overtime hours would be used to calculate damages in the event of a finding for Plaintiffs, dismissal of the FLSA claims would do little to mitigate Defendants' liability. A successful plaintiff under the FLSA claim is entitled to unpaid wages, an equal amount in liquidated damages, and attorneys fees. 29 U.S.C. § 216(b). A successful plaintiff under Indiana's wage payment laws can recover unpaid wages, liquidated damages "in an amount equal to two (2) times the amount of wages due," and attorneys fees. Ind. Code § 22-2-5-2. Even if the MCA defense were successful, then, Defendants would still face statutory damages that exceeded those available under the FLSA.

The MCA defense may have merit. Moreover, one could argue that Plaintiffs should have anticipated the defense, since they were also aware of the routes they drove. But "if Rule 8(c) is

5

not to become a nullity, we must not countenance attempts to invoke such defenses at the eleventh hour, without excuse and without adequate notice to the plaintiff." *Venters v. City of Delphi*, 123 F.3d 956, 969 (7th Cir. 1997). The only way to preserve the goals of Rule 8(c) in this case is to strike the MCA defense.

**C.     Conclusion**

For the foregoing reasons, Plaintiffs' Motion to Strike Motor Carrier Exemption Argument (ECF No. 207) is GRANTED. The argument presented in Section II.B. of Defendants' Memorandum in Support of Defendants' Motion for Summary Judgment (ECF No. 206 at 6–9) is hereby STRIKEN. Plaintiffs shall have twenty-one days from the date of this Opinion and Order to file its response to the remaining summary judgment arguments. Defendants shall have fourteen days from the filing of Plaintiffs' response to file any reply.

SO ORDERED on May 27, 2020.

                                           s/ Holly A. Brady
                                          JUDGE HOLLY A. BRADY
                                          UNITED STATES DISTRICT COURT