UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DANIEL KOCH, <br> JOHNNY RAY WELLS, JR., <br> TRENT COLLINS, <br> BRAD WEIKART, <br> FRANKLIN LORTIE, <br> KIRK HERRING, <br> ZACKERY PEPPLE, <br> DANNY PORTER, <br> TIMOTHY NIBLACK, <br> TOM SEITZ, SR., and <br> ANTHONY FOLLIS, <br><br>          Plaintiffs, <br><br> vs. <br><br> JERRY W. BAILEY TRUCKING, INC., <br> THE ESTATE OF JERRY W. BAILEY, and <br> LINDA L. BAILEY, <br><br>          Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    CAUSE NO. 1:14-cv-00072-HAB <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## JOINT MOTION TO APPROVE SETTLEMENT

Come now all Parties, by counsel and respectfully request that the Court approve the proposed Settlement Agreement of this case. In support of this Motion, the Parties state as follows:

1. Daniel Koch filed the first Complaint in this matter in United States District Court for the Northern District of Indiana, as a proposed class and collective action on March 7, 2014, which was assigned Case No. 1:14-cv-00072.

2. Johnny Ray Wells, Jr. was added as a named Plaintiff and filed an Amended

Complaint on March 17, 2014.

3. The Amended Complaint in this matter alleges that the Defendants failed to pay the Plaintiffs for pre-driving and post-driving inspections, which violated the Fair Labor Standards Act and the Indiana Wage Payment statute.

4. After Motion to Certify the class and collective action *(Doc. No. 18),* the case was provisionally certified as a class and collective action. The remaining plaintiffs were a proposed member of one or both of the class or collective action.

5. This Court entered an Order decertifying the Class and Collective Actions on May 16, 2019 *(Doc. No. 182).* After providing notice, the remaining plaintiffs filed their Second Amended Complaint, *(Doc. No. 191-1),* in which the remaining Plaintiffs sought compensation (hereinafter the "Action" or "Lawsuit") for pre-driving and post-driving inspections, which allegedly violated the Fair Labor Standards Act and the Indiana Wage Payment statute or the Indiana Wage Claim statute. The claims included: (a) overtime wages for a third year look back under the FLSA, (b) liquidated damages for the third year, under the FLSA, (c) unpaid overtime wages for a two-year period under the FLSA, (d) liquidated damages for the unpaid overtime wages during the two-year period under the FLSA, (e) unpaid regular wages under the Wage Payment and Wage Claim Acts, and (f) statutory interest under the Wage Payment and Wage Claim Acts.

6. The name and legal basis of the claims of each plaintiff is as follows:
    a. Koch – FLSA and Indiana Wage Claim Act,
    b. Wells – FLSA and Indiana Wage Payment Act,

    c. Collins – FLSA and Indiana Wage Payment Act,

    d. Weikart – FLSA and Indiana Wage Payment Act,

    e. Lortie - FLSA and Indiana Wage Payment Act,

    f. Herring - FLSA and Indiana Wage Payment Act,

    g. Porter - FLSA and Indiana Wage Payment Act,

    h. Seitz - FLSA only,

    i. Pepple - FLSA only, and only in the event of a third year look back upon a finding of willful and wanton conduct,

    j. Niblack - Indiana Wage Payment Act only, and

    k. Follis - Indiana Wage Payment Act only.

7. The parties then filed cross motions for summary judgment on various issues. Court granted partial summary judgment to the Plaintiffs' that the Employer did not pay them for all of their time allegedly worked.

8. The Court granted summary judgment to Linda Bailey finding that she was not an employer and therefore not liable to some or all of the Plaintiffs;

9. On November 2 and 4, 2020, the remaining parties participated in a settlement conference conducted by Magistrate Susan Collins over two days, following which the parties agreed to certain payments being paid to the Employee, but specifically reserving the issues on the amount of attorney fees and costs to be awarded, if any. *See Exhibit A, Parties Report of Settlement Conference provided*

*to Magistrate Judge Susan L. Collins*[1].

10. Counsel for the parties appeared before Judge Brady for a telephonic conference on December 15, 2020 in an attempt to resolve additional procedural concerns related to the proposed settlement, primarily concerning the request by Plaintiffs' counsel for attorney fees and costs. Judge Brady issued an order on December 16, 2020 that the parties shall file a Joint Motion for Approval of the Settlement Agreement on December 22, 2020. Following a Motion that deadline was extended to December 29, 2020 which deadline following a subsequent telephone conference on January 14, 2021 was extended until January 22, 2021.

11. Through confidential, arms-length negotiations, the Parties reached an agreement to resolve the Lawsuit.

12. The Parties prepared a written Settlement Agreement that memorializes the terms of the Parties' settlement of the claims for unpaid wages that will be executed and completed individually for each Plaintiff. See Exhibit B.

13. The Parties have agreed to the payments identified on the attached Exhibit C.

14. Pursuant to the FLSA, claims for back wages and other damages arising under the FLSA may be settled or compromised only with the approval of the district court or the Secretary of Labor. *See Sutherlin v. Phoenix Closures, Inc.*, 2018 WL 4620269, at *1 (S.D. Ind. Sept. 26, 2018) ("Unless the Department of Labor is supervising the dispute, an FLSA case can't be settled and simply dismissed; the

---

[1] Due to the request for confidentiality, Exhibit A and C are being filed under seal pursuant to N.D. Ind. L.R. 5-3

court's approval is required.") (citing *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986))).

15. "To determine the fairness of a settlement under the FLSA, the court must consider whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Burkholder v. City of Fort Wayne*, 750 F. Supp. 2d 990, 995 (N.D. Ind. 2010) (internal alteration and quotation omitted). "Normally, a settlement is approved where it is the result of contentious arm's-length negotiations, which were undertaken in good faith by counsel and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation." *Id.* (internal alteration and quotation omitted). "Furthermore, courts may enter judgments on a basis that does not require full payment of liquidated damages after scrutinizing the proposed settlement for fairness." *Id.*

16. To approve the settlement, he Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *See Beachy v. Reliance Construction, Inc.*, 2015 WL 6828864, at *2 (N.D. Ind. Nov. 6, 2015) (approving settlement agreement where the settlement was "fair and reasonable, and reflects a reasonable compromise of disputed issues") (internal quotation omitted).

17. The Parties dispute the nature of the claims of the various plaintiffs in the instant action. Nonetheless, they have agreed to settle all claims in the Lawsuit, with the

exception of the right to Plaintiffs' counsel to seek an award of fees.

18. In addition, the parties have agreed during the Settlement Conference that a material term of the settlement is a confidentiality provision within the Settlement Agreement. *See Beachy v. Reliance Construction, Inc.,* 2015 WL 6828864 (N.D. Ind., Nov. 6, 2015) (approving settlement with confidentiality provision when confidentiality is a material term to resolution).

19. The Parties represent that, the parties negotiated the settlement in good faith, in arms-length negotiations with each party represented by counsel.

20. The Parties agree that the settlement terms they have reached in this action represent a fair and equitable resolution of this matter. The terms of the attached Settlement Agreement are contingent upon approval by the Court. To that end, a copy of the Settlement Agreement which outlines the terms of the Parties' settlement of the various claims for wages under the FLSA, if applicable, and the applicable Indiana statutes is attached as Exhibit B.

WHEREFORE, for the foregoing reasons, the Parties respectfully request that the Court grant this Joint Motion and approve the Settlement Agreement attached hereto as Exhibit B and for all other appropriate relief.

Respectfully submitted,

| | |
|---|---|
| */s/ Ronald Weldy* | */s/ Theodore T. Storer* |
| Ronald Weldy | Theodore T. Storer 17576-02 |
| WELDY LAW | BEERS MALLERS BACKS & SALIN LLP |
| 8383 Craig Street, Suite 330 | 110 West Berry Street, Suite 1100 |
| Indianapolis, IN 46250 | Fort Wayne, Indiana 46802 |
| 317-842-6600 | 260-426-9706 |
| rweldy@weldylegal.com | ttstorer@beersmallers.com |



# SETTLEMENT AND RELEASE OF CLAIMS AGREEMENT

This Settlement and Release of Claims Agreement ("**Agreement**") is entered into by and between Jerry Bailey Trucking, Inc. and the Estate of Jerry Bailey (collectively referred to as the "**Employer**"), and _____ ("**Employee**"). Employer and Employee are collectively referred to as "**Parties**".

WHEREAS, Employee is one claimant in an action for allegedly unpaid overtime and/or regular wages that were not paid by the Employer;

WHEREAS, Daniel Koch filed his Complaint in United States District Court for the Northern District of Indiana, as a proposed class and collective action on March 7, 2014, which was assigned Case No. 1:14-cv-00072;

WHEREAS, Johnny Ray Wells, Jr. was added as a named Plaintiff and filed an Amended Complaint on March 17, 2014. The Amended Complaint in this matter alleges that the Defendants failed to pay the Plaintiffs for pre-driving and post-driving inspections, which violated the Fair Labor Standards Act and the Indiana Wage Payment statute; and

WHEREAS, the case was provisionally certified as a class and collective action and following notices, Employee was a member of one or both of the class of collective action;

WHEREAS, the court then decertified the proposed collective and class actions, the remaining plaintiffs filed their Second Amended Complaint, in which the Employee sought compensation (hereinafter the "Action" or "Lawsuit");

WHEREAS, the Court granted partial summary judgment to the Plaintiffs' on or about, that the Employer did not pay them for all of their time allegedly worked;

WHEREAS, the Court granted summary judgment to Linda Bailey finding that she was not an employer and therefore liable to some or all of the Plaintiffs; and

WHEREAS, on November 2 and 4, 2020, the parties participated in a two-day settlement conference conducted by Magistrate Susan Collins, following which the parties agreed to certain compensation being paid to the Employee, but specifically reserving the issues on the amount of attorney fees and costs to be awarded, if any; and

WHEREAS, counsel for the parties appeared before Judge Brady for a telephonic conference on December 15, 2020 in an attempt to resolve additional procedural concerns related to the proposed settlement, and Judge Brady issued an order on December 16, 2020 that the parties shall file a Joint Motion for Approval of the Settlement Agreement on December 22, 2020, and which deadline, following a subsequent telephone conference on January 14, 2021 was extended until January 22, 2021.

WHEREAS, the Parties desire to resolve the Action without further litigation or a trial beyond adjudication of the attorney fees and costs to be awarded under State and/or Federal law.

NOW, THEREFORE, in consideration of the promises and obligations set forth in this Agreement, the Parties agree as follows:

1. <u>No Admission of Liability for Specific Damages.</u> Nothing in this Agreement shall be construed to be an admission by Employer of any wrongdoing or noncompliance with any federal, state, city, or local rule, ordinance, constitution, statute, contract, public policy, wage and hour law, wage payment law, tort law, common law, or any other unlawful conduct, liability, wrongdoing, or breach of any duty whatsoever. Employer specifically disclaims and denies any wrongdoing or liability to Employee.

2. <u>Payment.</u> In consideration of Employee's execution of and compliance with this Agreement, including Employee's waiver and release of claims in Section 3 and Employer agrees to pay _____ Dollars and Zero Cents ($ _____) in full satisfaction of all claims Employee may have for alleged unpaid regular and overtime wages, liquidated, non-economic damages, and/or compensatory damages, with the exception of any attorney fees and costs Employee may be entitled to. Employer shall issue a Form W-2 and a Form 1099-MISC to Employee for the amounts paid as wages and liquidated damages respectively.

Within ten (10) days following Employee's execution of this Agreement and a completed W-4 form, Employer shall issue two checks to Plaintiff's Counsel as follows:

   a. A check made out to Employee for gross wages of _____ Dollars and Zero Cents ($_____) subject to and deducting appropriate withholdings; and

   b. .A check made out to the Ronald E. Weldy & Associates IOLTA Account for _____ Dollars and Zero Cents ($ _____).

Employee agrees and acknowledges that Employer and its counsel have not made any representations to Employee regarding the tax consequences of any payments or amounts received by Employee pursuant to this Agreement. Employee agrees to indemnify Employer against the payment of any taxes, interest, penalties, and other liabilities or costs that may be assessed on the settlement payment, but not with regard to of the payment of any withholdings made from the wage check.

As a condition precedent to and condition of payment, Employee affirms that he has maintained the confidentiality of the settlement reached at the settlement conference on November 2 and 4, 2020 up to the date of execution of this Agreement.

3. <u>General Release and Waiver of Claims.</u> In exchange for the consideration provided by Employer in this Agreement, Employee and Employee's heirs, executors, representatives, administrators, agents, insurers, and assigns (collectively the "**Releasors**") irrevocably and unconditionally fully and forever waive, release, and discharge Employer, including Employer's parents, subsidiaries, predecessors, successors, and assigns, and each of its

respective owners, shareholders, officers, directors, employees, and attorneys in their corporate and individual capacities (collectively, the "**Released Parties**"), from any and all claims, demands, actions, causes of actions, judgments, rights, fees, damages, debts, obligations, liabilities, and expenses (inclusive of attorneys' fees) of any kind whatsoever, whether known or unknown (collectively, "**Claims**"), that Releasors may have or have ever had against the Released Parties, or any of them, arising out of, or in any way related to Employee's hire, benefits, employment, termination, or separation from employment with Employer by reason of any actual or alleged act, omission, transaction, practice, conduct, occurrence, or other matter from the beginning of time up to and including the date of Employee's execution of this Agreement, including, but not limited to:

    (a)    any and all claims under Title VII of the Civil Rights Act of 1964 (Title VII), the Americans with Disabilities Act (ADA), the Family and Medical Leave Act (FMLA) (with respect to existing but not prospective claims), the Equal Pay Act (EPA), the Employee Retirement Income Security Act (ERISA) (with respect to unvested benefits), the Civil Rights Act of 1991, Section 1981 of the Civil Rights Act of 1866 (Section 1981), the Fair Credit Reporting Act (FCRA), the Worker Adjustment and Retraining Notification (WARN) Act, the Genetic Information Nondiscrimination Act (GINA), the Immigration Reform and Control Act (IRCA), the Age Discrimination in Employment Act (ADEA),the Uniform Services Employment and Reemployment Rights Act (USERRA), the Indiana Civil Rights Act (ICRA), the Indiana Age Bias Law (IABL), the Indiana Employment Discrimination Against Disabled Persons Law (IEDDP), the Indiana Equal Pay Law (IEPL), the Indiana Occupational Safety and Health Act, the Indiana Bring Your Gun to Work Act, the Indiana Military Family Leave Act (IMFLA), all as amended, and any other federal, state, local, or foreign law (statutory, regulatory, or otherwise) that may be legally waived and released; however, the identification of specific statutes is for purposes of example only, and the omission of any specific statute or law shall not limit the scope of this general release in any manner;

    (b)    any and all claims for compensation of any type whatsoever, including but not limited to claims for salary, wages, bonuses, commissions, incentive compensation, vacation, sick pay, or severance;

    (c)    any and all claims arising under tort, contract, or quasi-contract law, including but not limited to claims of breach of an express or implied contract, tortious interference with a contract or prospective business advantage, breach of the covenant of good faith and fair dealing, promissory estoppel, detrimental reliance, invasion of privacy, nonphysical injury, personal injury or sickness, or any other harm, wrongful or retaliatory discharge, fraud, defamation, false imprisonment, and negligent or intentional infliction of emotional distress; and

    (d)    any and all claims for monetary or equitable relief, including but not limited to attorneys' fees and costs, back pay, front pay, reinstatement, experts' fees, medical fees or expenses, costs and disbursements, punitive damages, liquidated damages, and penalties.

However, this general release and waiver of claims excludes, and Employee does not waive, release, or discharge: (i) any right to file an administrative charge or complaint with or testify, assist, or participate in an investigation, hearing, or proceeding conducted by the Equal Employment Opportunity Commission, the Indiana Civil Rights Commission, or other similar federal or state administrative agencies, although Employee waives any right to monetary relief related to such a charge or administrative complaint; (ii) claims which cannot be waived by law, such as claims for unemployment benefit rights and workers' compensation; (iii) any rights to vested benefits, such as pension or retirement benefits, the rights to which are governed by the terms of the applicable plan documents and award agreements and (iv) Employee and/or Plaintiffs' Counsel's right to recover attorney fees and costs in this lawsuit.

4. <u>Withdrawal and Stipulation of Dismissal</u>. Following the payment in full of any amounts awarded for attorney fees and costs, Employee shall stipulate to dismissal of, in writing and with prejudice, all claims in the Action and all allegations, claims, charges, actions, complaints, lawsuits, appeals, and proceedings that Employee has instituted against Employer.

5. <u>Confidentiality</u>.

(a) <u>Confidentiality of Agreement</u>. Employee represents, warrants, and confirms that Employee has not disclosed or discussed, orally or in writing, the negotiations and discussions leading to this Agreement, the existence of this Agreement, or any of its terms or conditions with any person, organization, or entity other than Employee's immediate family which includes parents and siblings, attorney, or tax advisor. Employee agrees to maintain confidentiality, except as required by law, regarding the negotiations and discussions leading to this Agreement, and the existence and substance of this Agreement, including the amount paid under this Agreement, except that Employee may disclose this Agreement to Employee's immediate family which includes parents and siblings, attorney, and tax advisor. Upon receipt of an inquiry regarding the Action or this Agreement from someone other than Employee's immediate family, attorney, or tax advisor, the Parties shall state only that "the matter has been resolved."

(b) It shall be the responsibility of Employee to inform any immediate family member, attorney, or tax advisor that the Settlement is confidential and that they are not permitted to disclose the Settlement in any fashion.

(c) If Employee is required by law or pursuant to a subpoena to disclose information regarding the Action or this Agreement, Employee agrees to promptly provide written notice to Employer.

(d) The Parties understand that in order for Plaintiffs and counsel for Plaintiffs to file a Motion for Attorney Fees and Costs, which issue was reserved from negotiations during the settlement conference, a judgment or similar order needs to be entered on behalf of Plaintiffs. Therefore, the parties will file a Joint Motion for Approval of

Settlement so that an appropriate order may be entered by the Court and the Plaintiffs may file a Motion for Statutory Attorney Fees and Costs.

6. **Waiver of Future Employment.** Employee waives all rights and claims to reinstatement as an employee/employment with Employer and agrees that Employee will not knowingly seek or accept future employment with Employer. Employee agrees that if Employer declines to employ Employee, they shall not be liable for any damages.

7. **Knowing and Voluntary Acknowledgment.** Employee specifically agrees and acknowledges that:

(a) Employee has read this Agreement in its entirety and understands all of its terms;

(b) by this Agreement, Employee has been advised to consult with an attorney before executing this Agreement, and has consulted with such counsel;

(c) Employee knowingly, freely, and voluntarily assents to all of its terms and conditions including, without limitation, the waiver, release, and covenants contained herein;

(d) Employee is executing this Agreement, including the waiver and release, in exchange for good and valuable consideration in addition to anything of value to which Employee is otherwise entitled; and

(e) Employee is not waiving or releasing rights or claims that may arise after Employee executes this Agreement.

8. **Mutual Non-Disparagement.** Employee and Employer agree and covenant that each shall not at any time make, publish, or communicate to any person or entity or in any public forum any defamatory, or disparaging remarks, comments, or statements concerning the other or their respective businesses, or any of their employees, officers, or directors, and their existing and prospective customers, suppliers, investors, and other associated third parties, now or in the future. Employers agreement shall be limited to their ownership and management employees.

9. **Governing Law, Jurisdiction, and Venue.** This Agreement, whether sounding in contract, tort, or statute, for all purposes shall be governed by and construed in accordance with the laws of Indiana without regard to any conflicts of laws principles that would require the laws of any other jurisdiction to apply. Any action or proceeding by either of the Parties to enforce this Agreement shall be brought only in the United States District Court for the Northern District of Indiana, Fort Wayne Division who shall retain jurisdiction over this aspect of the case.

10. **Attorneys' Fees and Costs.** If either party breaches any of the terms of this Agreement, to the extent authorized by law, the nonbreaching party will be responsible for payment of all reasonable attorneys' fees and costs incurred in the course of enforcing the terms

of the Agreement, including demonstrating the existence of a breach and any other contract enforcement efforts.

11. <u>Entire Agreement</u>. Unless specifically provided herein, this Agreement contains all of the understandings and representations between Employer and Employee relating to the subject matter hereof.

12. <u>Remedies and Enforcement</u>. In the event of a breach or threatened breach by Employee of any of the provisions of this Agreement, Employee hereby consents and agrees that Employer shall be entitled to seek, in addition to other available remedies, a temporary or permanent injunction or other equitable relief against such breach or threatened breach from any court of competent jurisdiction, without the necessity of showing any actual damages or that money damages would not afford an adequate. Any equitable relief shall be in addition to, not in lieu of, legal remedies, monetary damages, or other available relief.

In the event of a material breach by an Employee of Paragraph 5 or 8 Employee hereby consents and agrees that Employer shall be entitled to seek, in addition to other available remedies, an award for liquidated damages in an amount equal to $500.00, as long as Employee retains at least $100.00 of any Payment (the "**Liquidated Damages**"). The Parties acknowledge and agree that the harm caused by such a breach would be impossible or very difficult to accurately estimate at the time of the breach and that the Liquidated Damages are a reasonable estimate of the anticipated or actual harm that might arise from a material breach.

13. <u>Modification and Waiver</u>. No provision of this Agreement may be amended or modified unless the amendment or modification is agreed to in writing and signed by Employee and by Employer. No waiver by any Party of any breach by any other party of any condition or provision of this Agreement to be performed by any other party shall be deemed a waiver of any other provision or condition, nor shall the failure of or delay by any Party in exercising any right, power, or privilege under this Agreement operate as a waiver to preclude any other or further exercise of any right, power, or privilege.

14. <u>Severability</u>. If any provision of this Agreement is found by a court of competent jurisdiction to be invalid, illegal, or unenforceable in any respect, or enforceable only if modified, such finding shall not affect the validity of the remainder of this Agreement, which shall remain in full force and effect and continue to be binding on the Parties.

15. <u>Captions</u>. Captions and headings of the sections and paragraphs of this Agreement are intended solely for convenience and no provision of this Agreement is to be construed by reference to the caption or heading of any section or paragraph.

16. <u>Counterparts</u>. The Parties may execute this Agreement in counterparts, each of which shall be deemed an original, and all of which taken together shall constitute one and the same instrument. Delivery of an executed counterpart of this Agreement, by facsimile, electronic mail in portable document format (.pdf), or by any other electronic means intended to preserve

the original graphic and pictorial appearance of a document, has the same effect as delivery of an executed original of this Agreement.

      17.  <u>Acknowledgment of Full Understanding</u>. EMPLOYEE ACKNOWLEDGES AND AGREES THAT EMPLOYEE HAS FULLY READ, UNDERSTANDS, AND VOLUNTARILY ENTERS INTO THIS AGREEMENT. EMPLOYEE ACKNOWLEDGES AND AGREES THAT EMPLOYEE HAS HAD AN OPPORTUNITY TO ASK QUESTIONS AND CONSULT WITH AN ATTORNEY OF EMPLOYEE'S CHOICE BEFORE SIGNING THIS AGREEMENT. EMPLOYEE FURTHER ACKNOWLEDGES THAT EMPLOYEE'S SIGNATURE BELOW IS AN AGREEMENT TO RELEASE EMPLOYER FROM ANY AND ALL CLAIMS THAT CAN BE RELEASED AS A MATTER OF LAW.

**IN WITNESS WHEREOF**, the Employee has executed this Agreement as of the Execution Date above.

EMPLOYEE

Signature: _____

Print Name: _____

EMPLOYER

Signature: _____

Print Name: _____
  As _____ of Jerry W. Bailey Trucking, Inc.

Signature: _____

Print Name: _____
As Executor of the Estate of Jerry W. Bailey