UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DANIEL KOCH, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Cause No. 1:14-CV-72-HAB |
| ) | |
| JERRY W. BAILEY TRUCKING, INC., ) | |
| THE ESTATE OF JERRY W. BAILEY, ) | |
| and LINDA L. BAILEY, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This matter comes before the Court on the parties' Joint Motion to Approve Settlement (ECF No. 256). The parties have reached a settlement on Plaintiffs' Fair Labor Standards Act ("FLSA") claims and, pursuant to relevant statute, now ask this Court for judicial approval of that settlement.

**A.     Background**

On March 7, 2014, Plaintiffs filed suit against Defendants alleging a class action for violations of the FLSA and individual actions for violations of Indiana's Wage Claims Statute. (ECF No. 1). The claims arose out of an alleged failure to pay Plaintiffs' for activities undertaken before and after their compensated workday. This Court conditionally certified both class and collective actions on June 24, 2015. (ECF No. 59). However, the Court decertified both the class and collective actions on May 16, 2019, because of Plaintiffs' failure to meet the numerosity requirement for certification. (ECF No. 182).

Following decertification, the parties filed cross-motions for summary judgment. On August 27, 2020, this Court entered its Opinion and Order on those motions. (ECF No. 225). The

Court granted summary judgment in favor of Linda L. Bailey, finding that she was not an "employer" for the purposes of the FLSA. (*Id.* at 6–11). The Court also granted summary judgment in favor of Plaintiffs, finding that Defendant Jerry W. Bailey Trucking, Inc. had violated the FLSA. (*Id.* at 11–16). Summary judgment was denied on all other issues.

Following the ruling on the parties' dispositive motions, the parties engaged in a two-day settlement conference with Magistrate Judge Susan Collins. As a result of that conference, Defendants agreed to make certain payments to Plaintiffs, the amounts of which have been filed with the Court under seal. The parties have also provided the Court with a general Settlement and Release of Claims Agreement (ECF No. 256 at 8–14) that will be executed by each Plaintiff.

**B.      Legal Discussion**

Stipulated settlements in an FLSA case for the recovery of unpaid minimum wages or unpaid overtime compensation must be approved by the Court in the absence of direct supervision by the Secretary of Labor. *See* 29 U.S.C. § 216(c). The governing provision provides:

> The Secretary is authorized to supervise the payment of the unpaid minimum wages or the unpaid overtime compensation owing to any employee or employees under section 206 or section 207 of this title, and the agreement of any employee to accept such payment shall upon payment in full constitute a waiver by such employee of any right he may have under subsection (b) of this section to such unpaid minimum wages or unpaid overtime compensation and an additional equal amount as liquidated damages.

29 U.S.C. § 216(c). "[T]he Fair Labor Standards Act is designed to prevent consenting adults from transacting about minimum wages and overtime pay." *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986). But "[s]ection 16(c) creates the possibility of a settlement, supervised by the Secretary to prevent subversion, yet effective to keep out of court disputes that can be compromised honestly." *Id*. Because the Secretary has not supervised this settlement, the Court must approve it.

"To determine the fairness of a settlement under the FLSA, the court must consider whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Burkholder v. City of Ft. Wayne*, 750 F. Supp. 2d 990, 994–95 (N.D. Ind. 2010) (citations, brackets, and quotation marks omitted). The reviewing Court normally approves a settlement where it is based on "contentious arm's-length negotiations, which were undertaken in good faith by counsel" and where "serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation." *Id*. (quoting *Reyes v. Buddha–Bar NYC*, 2009 WL 5841177, at *3 (S.D.N.Y. May 28, 2009)) (additional citation and quotation marks omitted).

While the Court has determined, as a matter of law, that an FLSA violation occurred, there remain serious questions of fact regarding the liability of the Estate of Jerry Bailey, whether the FLSA violations were willful, and whether Defendants acted in good faith. (*See*, *generally*, ECF No. 225). The resolution of these questions would seriously affect Plaintiff's potential recoveries. Moreover, Plaintiffs would have the burden at trial of proving the extent of the unpaid time and the amounts owed. With these issues outstanding, the value of an immediate recovery outweighs the mere possibility of further relief after taking the case to trial.

Additionally, the parties are represented by counsel who have negotiated in good faith and at arm's length. The settlement was reached during a settlement conference with the Magistrate Judge. Finally, the Court finds that the payments provided in the settlement agreement are fair and reasonable and reflect a reasonable compromise of disputed issues. *Burkholder*, 750 F. Supp. 2d at 995. Accordingly, the settlement will be approved.

**C.     Conclusion**

For the foregoing reasons, the Joint Motion to Approve Settlement (ECF No. 256) is GRANTED. The parties are ORDERED to inform the Court when all settlement documents have been properly executed so that judgment can be entered.

SO ORDERED on January 26, 2021.

                                             s/ Holly A. Brady
                                            JUDGE HOLLY A. BRADY
                                            UNITED STATES DISTRICT COURT