IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| DANIEL KOCH, JOHNNY RAY WELLS, JR., TRENT COLLINS, BRAD WEIKART, FRANKLIN LORTIE, KIRK HERRING, ZACKERY PEPPLE, DANNY PORTER, TIMOTHY NIBLACK, TOM SEITZ, SR., and ANTHONY FOLLIS, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | CAUSE NO. 1:14-cv-72 |
| JERRY W. BAILEY TRUCKING, INC., and ESTATE OF JERRY W. BAILEY, | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF MOTION FOR
STATUTORY ATTORNEY FEES AND COSTS**

Comes now Plaintiffs, by counsel, Ronald E. Weldy, hereby submit their memorandum

of law in support their Motion for Statutory Attorney Fees and Costs.

**I.  INTRODUCTION**

This action involves overtime claims pursuant to the Fair Labor Standards Act ("FLSA")

and unpaid wages pursuant to the Wage Payment Statute, , I.C. §22-2-5 *et. seq.* for all of the

Plaintiffs except Mr. Koch whose state wage claim is pursuant to the Wage Claims Statute, I.C.

§22-2-9 *et. seq.*  Specifically, Plaintiffs alleged that Defendants, Jerry W. Bailey Trucking, Inc.

and the Estate of Jerry W. Bailey (collectively "JWBT"), violated state and federal wage and

hours laws by failing to pay Plaintiffs for work performed prior to leaving the truck lot and after

returning to the truck lot after all their runs were done.  Plaintiffs claimed off-the-clock regular

and overtime hours worked, but not paid.

On November 4, 2020, the parties reached a settlement with regard to the regular and/or overtime wages owed to all 11 Plaintiffs, however, the parties agreed to brief the attorney fees and costs to be paid by JWBT to counsel for Plaintiff.  On January 26, 2021, this Court approved the settlements reached by each of the 11 Plaintiffs with Defendants.  *See* (ECF No. 258).  On March 12, 2021, this Court entered Judgment on behalf of Plaintiffs and against Defendants per the approved Settlement Agreements and gave Plaintiffs to and including April 16, 2021 to request attorney fees.  *See* (ECF No. 260).  Plaintiffs are seeking $201,820.00 in statutory attorney fees and $5,729.62 in costs.

## II.  PROCEDURAL HISTORY

Mr. Koch filed this matter as a proposed Class Representative of a Collective Action pursuant to the FLSA and an individual claim pursuant to the Wage Claims Statute on March 7, 2014.  *See* (ECF No. 1).  Mr. Wells was added as a proposed Class Representative of the Collective Action and asserted a Rule 23 Class Action pursuant to the Wage Payment Statute in the Amended Complaint filed on March 17, 2014.  *See* (ECF No. 8).  Mr. Weikart filed his Notice of Consent to Opt-In to Collective Action on March 18, 2014.  *See* (ECF No. 9).  Mr. Collins filed his Notice of Consent to Opt-In to Collective Action on March 21, 2014.  *See* (ECF No. 11).

On April 22, 2014, Plaintiffs filed their Motion to Certify the Collective and Class Actions.  *See* (ECF No. 18).  On May 29, 2014, a Preliminary Pre-Trial Conference was held in this matter and a discovery deadline was entered.  *See* (ECF No. 26).  Also on May 29, 2014, the parties filed a Joint Stipulation as to Class Actions.  *See* (ECF No. 28).  On June 9, 2014, this Court directly the parties to brief the adequacy of counsel for Plaintiff to act as Class Counsel.  *See* (ECF No. 30).  On December 10, 2014, this Court denied the Motion to Certify the

Collective and Class Actions. *See* (ECF No. 35). Plaintiffs filed a Motion to Reconsider on December 24, 2014. *See* (ECF No. 36). On May 20, 2015, this Court granted the Motion to Reconsider and vacated the Order denying class certification. *See* (ECF No. 51). On June 24, 2015, this Court granted conditional certification of the Collective and Class Actions. *See* (ECF No. 59).

On September 19, 2015, Notice of the Collective and Class Actions plus Opt-In and Opt-Out Forms were mailed to all of the potential class members. *See* (ECF No. 72). Mr. Herring opted-in to the Collective Action on September 24, 2015. *See* (ECF No. 73). Mr. Seitz opted-in to the Collective Action on September 28, 2015. *See* (ECF No. 74). Mr. Lortie opted-in to the Collective Action on October 1, 2015. *See* (ECF No. 75). Mr. Porter opted-in to the Collective Action on October 6, 2015. *See* (ECF No. 76). Mr. Pepple opted-in to the Collective Action on October 8, 2015. *See* (ECF No. 77).

Plaintiffs responded to written discovery in 2015. Defendants responded to written discovery in 2016. In January 2017, the depositions of JWBT, Mr. and Mrs. Bailey, Mr. Koch and Mr. Wells were conducted. On August 9, 2017, a Settlement Conference with Magistrate Judge Collins was held, but unsuccessful. *See* (ECF No. 118).

On April 30, 2018, JWBT filed their Motion to Decertify the Class and Collective Action and Motion for Summary Judgment. *See* (ECF Nos. 126 & 128). On June 19, 2018, the Classes filled their Cross-Motion for Summary Judgment and Opposition to JWBT's Motions. *See* (ECF No. 149). On May 16, 2019, this Court decertified the Collective and Class Actions in this matter. *See* (ECF No. 182).

On December 12, 2019, Plaintiffs filed a Second Amended Complaint adding Mr. Lortie, Mr. Follis, Mr. Pepple, Mr. Porter, Mr. Herring, Mr. Seitz, Mr. Collins, Mr. Niblack and Mr.

Weikart as individual plaintiffs.  *See* (ECF No. 199).  In March 2020, JWBT took the depositions of all of the new Plaintiffs except Mr. Collins.  On April 24, 2020, JWBT filed their Second Motion for Summary Judgment.  *See* (ECF No. 204).  On May 27, 2020, this Court granted Plaintiffs' Motion to Strike Motor Carrier Exemption Argument.  *See* (ECF No. 213).  On June 24, 2020, Plaintiffs' filed their Cross-Motion for Summary Judgment and Opposition to JWBT's Motion.  Plaintiffs sought the following damages in their Cross-Motion:

| | | |
|---|---|---|
| 1. | Daniel Koch - | $11,581.42; |
| 2. | Johnny Ray Wells - | $8,627.73; |
| 3. | Brad Weikart - | $9,483.67; |
| 4. | Franklin Lortie - | $6,776.65; |
| 5. | Daniel Porter - | $22,383.80; |
| 6. | Kirk Herring - | $11,581.82; |
| 7. | Trent Collins - | $9,380.46; |
| 8. | Zachery Pepple - | $4,039.88; |
| 9. | Thomas Seitz - | $4,113.57; |
| 10. | Anthony Follis - | $8,702.64; and |
| 11. | Timothy Niblack - | $6,805.50 |

On August 27, 2020, this Court granted Plaintiffs' Cross-Motion for Summary Judgment in part by granting liability and Defendants' Motion for Summary Judgment in part by granting the dismissal of Linda Bailey from this matter.  *See* (ECF No. 225).

On November 2nd and 4th, 2020, the parties conducted a Settlement Conference with Magistrate Judge Collins where a settlement was reached with regard to the regular and/or overtime wages owed to all 11 Plaintiffs, however, the parties agreed to brief the attorney fees and costs to be paid by JWBT to counsel for Plaintiff.[1]  *See* (ECF Nos. 236 & 237).  On January 26, 2021, this Court approved the settlements reached by each of the 11 Plaintiffs with Defendants.  *See* (ECF No. 258).  On March 12, 2021, this Court entered Judgment on behalf of

---

[1] The amounts each of the 11 Plaintiffs are receiving individually and in total has been filed under seal previously with the Court due to confidentiality.  *See* (ECF No. 255-3).

Plaintiffs and against Defendants per the approved Settlement Agreements and gave Plaintiffs to and including April 16, 2021 to request attorney fees. *See* (ECF No. 260).

## III.  RELEVANT FACTS

On or before December 2, 2020, counsel for Plaintiffs and his office expended 505.2 hours on this matter. *See* (Weldy Aff. ¶23, Clio Invoice; a true and accurate copy of the Invoice are attached to the Motion for Statutory Attorney Fees and Costs as Exhibit 1).  These hours billed total $181,010.00 in attorney fees. *See* (Weldy Aff., ¶25; Clio Invoice).

Counsel for Plaintiff has been practicing law since 1998. *See* (Weldy Aff., ¶5).  Since October 2002, counsel for Plaintiff has focused his practice nearly exclusively on ERISA and employment related matters. *See* (Weldy Aff., ¶¶6-8).  Counsel for Plaintiff regularly attends national continuing legal education seminars sponsored by the American Bar Association and the National Employment Lawyers Association covering employment and wage and hour issues. *See* (Weldy Aff., ¶9).  Counsel for Plaintiff routinely works on appeals regarding state wage claim issues both in state and federal appellate courts. *See* (Weldy Aff., ¶10).  Counsel for Plaintiff was responsible for the Supreme Court recognizing the Ten Day Rule in *Naugle v. Beech Grove City Schools,* 864 N.E.2d 1058 (Ind. 2007).

From January 1, 2014 to June 30, 2015, the billing rate for counsel for Plaintiff was $325.00 per hour. *See* (Weldy Aff., ¶11).  From July 1, 2015 to June 30, 2016, the billing rate for counsel for Plaintiff was $350.00 per hour. *See* (Weldy Aff., ¶12).  From July 1, 2016 to June 30, 2017, the billing rate for counsel for Plaintiff was $375.00 per hour. *See* (Weldy Aff., ¶13).  Since July 1, 2018, the billing rate for counsel for Plaintiff is $400.00 per hour. *See* (Weldy Aff., ¶14).  The billing rate of associate attorney, Matthew Derringer, a May 2012 law school graduate, was $200.00 per hour. *See* (Weldy Aff., ¶17).  From January 1, 2010 to May

31, 2016, the billing rate for paralegal work was $125.00 per hour. *See* (Weldy Aff., ¶19). From June 1, 2016 to June 30, 2018, the billing rate for paralegal work was $140.00 per hour. *See* (Weldy Aff., ¶20). Since July 1, 2018, the billing rate for paralegal work at counsel for Plaintiff's office is $150.00 per hour. *See* (Weldy Aff., ¶21). It is the understanding of Plaintiff's counsel that these rates are within the range normally charged for such matters in the Indiana. *See* (Weldy Aff., ¶¶15, 18, 22).

Plaintiffs has incurred the following expenses in this matter to date: (1) filing fees of $350.00; (2) postage of $158.72; (3) copies of $1,031.10; (4) parking of $11.00; (5) transcripts and videographer of $3,486.09; (6) mileage of $594.70; and (7) hotel of $97.75. *See* (Clio Invoice).

## III.  ARGUMENT

### A.    Entitlement to Attorney Fees

Pursuant to the FLSA, a prevailing party is entitled to attorney fees. "Therefore, by the plain language of the statute and our precedent addressing nearly identical statutory language, there is no question that the FLSA requires a favorable judgment before a plaintiff becomes entitled to attorney fees." *See Fast v. Cash Depot. Ltd.* 931 F.3d 636, 640 (7th Cir. 2019). According to 29 U.S.C. § 2617(a)(3), an actual "judgment" in favor of the plaintiff is a necessary triggering event for an award of attorneys' fees under the FMLA. *See Franzen v. Ellis Corp.*, 543 F.3d 420, 430 (7th Cir. 2008). This Court having entered Judgment on behalf of the 11 Plaintiffs and against Defendant makes Plaintiffs prevailing parties. *See id.*

B.      **Attorney Fees**

1.      **Lodestar Formula**

In *Blum v. Stenson*, 465 U.S. 886 (1984), the Supreme Court observed:

> Unlike the calculation of attorney's fees under the "common fund doctrine,"
> where a reasonable fee is based on a percentage of the fund bestowed on the class,
> a reasonable fee under [a fee-shifting statute] reflects the amount of attorney time
> reasonably expended on the litigation.

*Blum,* 465 U.S. at 900 n.16.   Thus, where a statute authorizes a court to award "reasonable

attorney's fees" to be paid by the defendant to the prevailing plaintiff, "'the product of

reasonable hours times a reasonable rate' normally provides a 'reasonable' attorney's fee within

the meaning of the statute."  *Blum*, 465 U.S. at 897 (quoting *Hensley v. Eckerhart*, 461 U.S. 424,

434 (1983)); *Pickett v. Sheridan Health Care Center*, 664 F.3d 632, 639 (7th Cir. 2011).  "The

lodestar approach forms the 'centerpiece' of attorneys' fee determinations, and it applies even in

cases where the attorney represents the prevailing party pursuant to a contingent fee agreement."

*Pickett,* 664 F.3d at 639 (citing *Blanchard v. Bergeron*, 489 U.S. 87, 94, (1989)).  "There is a

strong presumption that the lodestar calculation yields a reasonable attorneys' fee award."  *Id.*

(citing *Perdue v. Kenny A.*, 130 S. Ct. 1662, 1673 (2010)).

2.      **The Hours Billed as Submitted by Counsel Are Reasonable**

Where, as in the instant case, "a plaintiff has obtained excellent results," the lodestar

calculation should include "all hours reasonably expended on the litigation."  *Hensley v.*

*Eckerhart*, 461 U.S. 424, 435 (1983).  As the Supreme Court went on to explain in *Hensley*:

> In these circumstances the fee award should not be reduced simply because the
> plaintiff failed to prevail on every contention raised in the lawsuit.  Litigants in
> good faith may raise alternative legal grounds for a desired outcome, and the
> court's rejection of or failure to reach certain grounds is not sufficient reason for
> reducing a fee.  The result is what matters.

*Hensley,* 461 U.S. at 435.

As for counsel's hours rendered in the prosecution of Plaintiffs' lawsuit, counsel has itemized the hours expended on the case.  *See* (Clio Invoice).

The hours billed by counsel are reasonable.  The number of hours billed by counsel and his staff are set forth in the Clio invoice.  *See* (Clio Invoice).  The total number of hours billed are 505.2 hours.  *See* (Weldy Aff. ¶25).  These hours include:

| | |
|---|---|
| Ronald Weldy | 416.2 hours |
| Matthew Derringer | 24.2 hours |
| Paralegal | 64.6 hours |

*See* (REW Aff. ¶24).

All of the hours billed by counsel and his staff are reasonable.

### 3.    The Hourly Rates Submitted by Counsel Are Reasonable.

The Seventh Circuit "… define[s] a reasonable hourly rate as one that is 'derived from the market rate for the services rendered.'" *Pickett,* 664 F.3d at 640 (citation omitted).  "The fee applicant bears the burden of 'produc[ing] satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community.'" *Id.* (citing *Blum*, 465 U.S. at 895 n.11).  "Recognizing the difficulty of determining the hourly rate of an attorney who uses contingent fee agreements, we have advised district courts to rely on the 'next best evidence' of an attorney's market rate, namely 'evidence of rates similarly experienced attorneys in the community charge paying clients for similar work and evidence of fee awards the attorney has received in similar cases.'" *Id.* (quoting *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 555 (7th Cir. 1999)).

The hourly rates submitted by counsel for Plaintiff and his staff are reasonable.  Counsel's rate of $400.00 an hour is commensurate with other state-wide employment law attorneys.  Christopher Myers is a fellow plaintiff's employment attorney who practices throughout the

- 8 -

State of Indiana.  *See* (Affidavit of Christopher C. Myers ("Myers Aff.") ¶¶2-3, 5; a true and accurate copy of this Affidavit is attached to the Motion as Exhibit B).  The rate of Attorney Myers as of January 8, 2020 was $400.00 per hour.  *See* (Myers Aff., ¶¶4, 6).  Robert Kondras, Jr. is another fellow plaintiff's employment attorney who like counsel for Plaintiff practices throughout the State of Indiana.  *See* (Affidavit of Robert P. Kondras, Jr. ("Kondras Aff.") ¶5; a true and accurate copy of this Affidavit is attached to the Motion as Exhibit C).  The rate of Attorney Kondras is currently $400.00 per hour.  *See* (Kondras Aff. ¶4).  Attorney Kondras was awarded attorney fees at $400.00 per hour in *Schneider, et. al. v. Union Hospital*, Cause No. 2:16-cv-207.  The last time that a District Court had to determine a reasonable hourly rate for counsel for Plaintiff in a class action was 2014.  In *Pierce v. Visteon Corp.*, Judge McKinney found $325.00 per hour to be a reasonable hourly rate for counsel for Plaintiff.  *Pierce v. Visteon Corp.*, 2014 U.S.Dist. LEXIS 31107 (S.D.Ind. March 11, 2014).  The last time that a District Court had to determine a reasonable hourly rate for counsel for Plaintiff was in 2019.  In *Flowers v. Steerpoint Marketing, LLC et al.*, Cause No. 1;18-cv-1618 DLP-SEB, Judge Pryor found $400.00 per hour to be a reasonable hourly rate for counsel for Plaintiff.  *See* (ECF No. 75 from *Flowers*).

The rate of $400.00 per hour for counsel for Plaintiff is reasonable based upon the evidence.  It is equal to the current rate of Attorney Myers and Attorney Kondras.  Most importantly, it is current rate at which federal courts are awarding fees to counsel for Plaintiff as demonstrated by *Flowers*.  The hourly rates applicable to the submitted lodestar calculations fairly comport with the prevailing rates charged by "lawyers of reasonably comparable skill, experience and reputation," - *see Blum*, 465 U.S. at 895–96 n.11 - and reflect "the fair market

value of the services provided." *See Northcross*, 611 F.2d at 638; *see also Louisville*, 700 F.2d at

277.  The attorney fees requested by Plaintiffs are reasonable.

An associates rate of $200.00 per hour is a reasonable rate.  In *Pierce*, Judge McKinney

found $200.00 per hour to be a reasonable hourly rate for Mr. Derringer for that matter.  *Pierce*

*v. Visteon Corp.*, 2014 U.S.Dist. LEXIS 31107 (S.D.Ind. March 11, 2014).

A paralegal rate of $150.00 per hour is a reasonable rate.  In *Flowers*, Judge Pryor found

$150.00 per hour to be a reasonable hourly rate for counsel for Plaintiffs' paralegals who worked

extensively on that matter.  *Flowers v. Steerpoint Marketing, LLC et al.*, Cause No. 1;18-cv-1618

DLP-SEB.

### 4.      Current Rate to be Utilized

Due to the time value of money and the inherent nature of these fees as well as precedent

in the Supreme Court and the Seventh Circuit, this Court should apply Counsel's current hourly

rate when calculating attorney's fees.  In a typical employment law case, a plaintiff's entitlement

to attorney's fees depends on ultimate success in the case.  With these types of cases often

extending over many years, courts have recognized this fact and compensated attorneys for the

delay.  In *Pennsylvania v. Delaware Valley Citizens' Council*, 483 U.S. 711 (1987), the Supreme

Court noted the disparity between the time the work was billed and when the fee was actually

collected:

> When plaintiffs' entitlement to attorney's fees depends on success, their lawyers
> are not paid until a favorable decision finally eventuates, which may be years
> later, as in this case. Meanwhile, their expenses of doing business continue and
> must be met. In setting fees for prevailing counsel, the courts have regularly
> recognized the delay factor, either by basing the award on current rates or by
> adjusting the fee based on historical rates to reflect its present value.

*Delaware Valley Citizens',* 483 U.S. at 731.

Two years later, the Supreme Court held in *Missouri v. Jenkins,* 491 U.S. 274 (1989), that

an adjustment for delay by awarding the current rate of the attorney was proper.  *See Jenkins*,

491 U.S. at 284.  The Court wanted to reflect "market rates" in the attorney fee calculation and

held that the application of current hourly rates was "an appropriate factor in the determination

of what constitutes a reasonable attorney's fee."  *Id*.

The Supreme Court of the United States, the Seventh Circuit, as well as other Circuit

Courts, have long accounted for an adjustment in the delay of payment.  *See Reaching Hearts*

*Int'l, Inc. v. Prince George's County*, 2012 WL 1417725, at \*5 (4th Cir. April 25, 2012) ("[t]hus,

it is clear that in an appropriate case, the use of current rates is permissible, and that using either

current rates or some appropriate rate of interest is *required* to account for such a delay"

(emphasis added.); *Murray v. Weinberger*, 741 F.2d 1423, 1433 (D.C. Cir. 1984) ("[u]sing

current market rates to calculate the lodestar figure may counterbalance the delay in payment . . .

[c]urrent market rates have been used in numerous cases to calculate the lodestar figure when the

legal services were provided over a multiple-year period.").

The Seventh Circuit, when compensating the prevailing party for attorney's fees incurred

over many years, uses the current rates calculation over the past rates plus interest calculation.

*See Skelton v. General Motors Corp*., 860 F.2d 250, 255 n.5 (7th Cir. 1988) (noting that "[t]he

courts in this circuit generally use current rates"); *see also Matter of Cont'l Ill. Sec. Litig*., 962

F.2d 566, 570-71 (7th Cir. 1992); *Young v. Verizon's Bell Atl. Cash Balance Plan,* 783 F.Supp.2d

1031, 1038 (N.D. Ill. 2011); *Greenfield Mills, Inc. v. Carter*, 569 F. Supp. 2d 737, 758 (N.D. Ind.

2008); *Trustees of the Chicago Plastering Inst. Pension Trust v. Cork Plastering, Inc*., 2008 U.S.

Dist. LEXIS 21384, \*7-9 (N.D. Ill. Mar. 18, 2008) ("case law within this circuit supports paying

an attorneys' fees award at current billing rates in lieu of awarding interest on rates for services

performed in earlier years"). Therefore, this Court should use Counsel's current rate when calculating the correct attorney's fee.

### 5. Modification of Lodestar

After calculating the lodestar, the Court may, at its discretion, increase or reduce the modified lodestar amount by considering a variety of factors, including: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Hensley*, 461 U.S. at 430 n.3.

Factors Numbers 1, 2, 3, 4, and 10 favor modification of the $400.00 loadestar amount up to $450.00 per hour for the hours billed by counsel for Plaintiff. This case has been going on for seven (7) years and over 500 hours have been incurred in working on this matter. This surely supports modifying the lodestar rate upward. Off-the-clock overtime cases are the hardest cases to win because the amount of overtime at issue is not recorded, but in the memory of witnesses. Once again, this supports modifying the lodestar rate upward. Getting a class and/or collective action certified is a rare skill amongst Hoosier attorneys. Likewise, successfully prosecuting an off-the-clock overtime case takes a certain amount of skill. These facts support modification upward of counsel's lodestar rate. Over the years, counsel for Plaintiff has had to consider this ongoing litigation when looking at another potential class action. This support modification as well. For a solo practitioner the vast majority of the time spent prosecuting this matter, having this much time and effort in one case is very risky. Moreover, the delay in getting paid or reimbursed for all of the

time and money spent on this matter has put a strain on counsel's practice.  All of these facts support modifying the lodestar by at least $50.00 per hour.  At $450.00 for counsel for Plaintiffs' hours expended, this would raise the attorney fees sought to $201,820.00 in statutory attorney fees.

## B.      The Costs Sought are Reasonable

The costs sought on behalf of Plaintiffs, in the sum of $5,729.36, are reasonable, incurred as a necessary part of the successful prosecution of this action.  Such costs are recoverable against Defendants pursuant to Rule 54(d).  These costs include: (a) filing fee of $350.00 required to be paid to the Court; (b) parking of $11.00; (c) one night hotel stay during Plaintiffs deposition over 2 days of $97.75; (d) mileage of $594.70 at the mileage rate under federal law; (e) Plaintiffs hired a videographer to time how long it took for Plaintiffs to get their trucks ready in the morning and in the afternoon for $264.00; (f) court reporter and depositions costs $3,222.09; (g) postage of $158.72; and (c) copies of $1,031.10.  *See* (Weldy Aff. ¶29; Bill of Costs; a true and accurate copy of the Bill of Costs is attached to the Motion as Exhibit 2).  As such, Plaintiffs request that this Court award Plaintiff $5,729.36 in costs.

WHEREFORE, Plaintiff's Counsel prays that the Court grant his Motion for an Award of Statutory Attorney's Fees and Costs, and for all other relief the Court deems just.

Respectfully submitted,

WELDY LAW

/s/ Ronald E. Weldy
Ronald E. Weldy, #22571-49
Counsel for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served via ECF on this 16th day of April, 2021 to the following:

Theodore T. Storer – ttstorer@beersmallers.com


/s/ Ronald E. Weldy
Ronald E. Weldy, #22571-49
Weldy Law
8383 Craig Street
Suite 330
Indianapolis, IN 46250
Tel: (317) 842-6600
E-mail: rweldy@weldylegal.com